**MOT**
ERICK M. FERRAN, ESQ.
Nevada State Bar No. 9554
HITZKE & FERRAN LLP.
2110 East Flamingo Road, Suite 206
Las Vegas, Nevada 89119
*Telephone No.: (702) 476-9668*
*Facsimile No.: (702) 462-2646*
*erick.ferran@hitzkelaw.com*
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 2:24-cr-00229-APG-NJK |
| Plaintiff, | MOTION TO DISMISS |
| vs. | |
| TIMOTHY THURTLE, | |
| Defendant. | |

CERTIFICATION: This Motion was timely filed pursuant to LCR 12(b)(3).

COMES NOW the Defendant, TIMOTHY THURTLE, by and through his counsel of record, ERICK M. FERRAN, ESQ., from HITZKE & FERRAN LLP., and pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v) and Local Criminal Rule LCR 47-1, respectfully moves this Honorable Court to dismiss Count One of the Indictment on the basis that prosecution under 18 U.S.C. § 922(g)(1) violates principles of due process and fair notice, and that Defendant is not a "prohibited person" within the meaning of the statute, as applied to the facts of this case and Defendant.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

This Motion is made and based upon all the papers and pleadings on file herein, the attached Memorandum of Points and Authorities, and any additional oral argument taken at the time set hearing this Motion.

DATED this 12TH day of May 2025.

**HITZKE & FERRAN LLP.**

<u>/s/ Erick M. Ferran, Esq.</u>
ERICK M. FERRAN, ESQ.
Nevada State Bar No. 9554
2110 East Flamingo Road, Suite 206
Counsel for Defendant

## MEMORANDUM OF POINTS AND AUTHORITIES

**A. Procedural History**

On or about October 8, 2024, a Grand Jury was convened and ultimately returned a True Bill on an Indictment against Defendant, Timothy Thurtle, charging him with one count of Possession of a Firearm by a Prohibited Person, a violation of 18 U.S.C. §§ 922(g)(l) and 924(a)(8). ECF No. 1. The Indictment alleges that on or about April 10, 2024, Mr. Thurtle, while in the District of Nevada and knowing that he had been previously convicted of crimes punishable by imprisonment for a term exceeding one year, to wit: Theft, on or about March 22, 2004, in Clark County, Nevada under case number Cl78292; and Assault with a Deadly Weapon, on or about June 5, 2007, in Clark County, Nevada under case number C230919; did knowingly possess a firearm, to wit: Springfield Armory Hellcat, 9mm pistol bearing serial number: BY257031, said possession being in and affecting interstate commerce and said firearm having been shipped and transported in interstate commerce, all in violation of Title 18, U.S.C. §§ 922(g)(l) and 924(a)(8).

The Indictment stems from the arrest of Mr. Thurtle by the Las Vegas Metropolitan Police Department (hereinafter referred to as "LVMPD"). In the corresponding state case, Mr. Thurtle is charged with one count of Assault with a Deadly Weapon and one count of Attempt Burglary of a Motor Vehicle, all of which is contrary to the form, force, and effect of statutes in such cases made and provided against the peace and dignity of the State of Nevada. It is purported that on or about April 10, 2024, Mr. Thurtle was involved in a road rage incident, in which Mr. Thurtle allegedly

brandished a firearm. Upon review of the body worn camera, provided by both the State of Nevada, as well as the Government in this case, the victim provided a written and recorded statement. While providing said statement to law enforcement, the victim openly questions whether or not Mr. Thurtle indeed had a firearm – which ultimately, resulted in the State matter resolving with Mr. Thurtle pleading no contest to one count of misdemeanor assault

Mr. Thurtle was arrested on or about November 8, 2024, and was arraigned on November 12, 2024, before the Honorable Magistrate Couvillier. ECF No. 5. Following oral arguments made by the United States as well as the undersigned, and after consideration of recommendations from the United States Pretrial Services Office, Mr. Thurtle was released on an Appearance Bond with the following special conditions: 1) Submit to supervision by and report for supervision to the U.S. Pretrial Services Office; 2) Continued to actively seek employment; 3) Not possess a firearm, destructive device, or other weapon; 4) Have no contact, directly or indirectly, with known or suspected outlaw motorcycle gang members. ECF No. 6.

Ultimately, on November 25, 2024, the undersigned, on behalf of Mr. Thurtle filed an Unopposed Motion to Modify Conditions of Pretrial Release. The basis for the Motion was to allow Mr. Thurtle to continue operating and conducting business with his company, TCB Productions LLC., which employees a number of individuals that would likely be identified by the United States Government as members and/or associates of the Pagans Motorcycle Club, as well as others. ECF No. 13. This Court granted the unopposed Motion, and the Order Modifying Pretrial Release Conditions was signed by this Court on November 26, 2024. ECF No. 14.

The Indictment charges Defendant with possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8), based on an alleged prior state felony conviction. However, prior to the events giving rise to this charge, the Defendant lawfully applied for and received a concealed carry weapons permit (hereinafter referred to as "CCW") from the Las Vegas Metropolitan Police Department (hereinafter referred to as "LVMPD") — a process that involves a rigorous background investigation conducted in conjunction with the Federal Bureau of Investigation (hereinafter referred to as "FBI") and the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter referred to as "ATF").

Moreover, the firearm at issue here was legally purchased from a federally licensed firearms dealers (hereinafter referred to as "FFLs") who conducted background checks via the National Instant Criminal Background Check System (NICS). At no time was the Defendant informed by any federal, state, or local authority that he was prohibited from purchasing or possessing firearms. In fact, in the State case he was not charged and/or even arrested for possession of a firearm by a prohibited person, even after hours of bodycam footage showing officers of LVMPD specifically reviewing his background in their system.

## I. ARGUMENT

### A. Defendant Acted in Good Faith and Had Reasonable Reliance on State and Federal Authorization

Mr. Thurtle reasonably relied on the State of Nevada's issuance of a concealed weapons permit as conclusive evidence that he was not a "prohibited person." The LVMPD, in coordination with federal agencies, approved his CCW application and issued the same. The rigorous background check in which Mr. Thurtle was subject included a federal criminal history check through the FBI's Interstate Identification Index – which again, resulted in no restrictions or holds, and, which did not trigger the denial of any application. He did not provide some alternate identity or false social security number. He simply applied for the permit and received it without any notice of any wrongdoing from any agency involved in the process.

Here, LVMPD—a state agency working under federal guidelines—affirmatively authorized Defendant's possession and concealed carrying of firearms. Defendant justifiably relied on this authorization and had no reason to question its legality, as he had made no effort to conceal his background, his identity, or the data provided in his application. As such, prosecution under § 922(g)(1) violates due process. At the very minimum, this Court should allow for an evidentiary hearing prior to the trial in this matter and should require that any agency involved provide whatever data it possesses pertaining to this matter.

**B. Entrapment by Estoppel Bars Prosecution Where a Defendant Relies on Official Authorization**

The Ninth Circuit has repeatedly recognized the defense of entrapment by estoppel, which bars criminal liability where a defendant reasonably relies on an authorized government official's representation that their conduct is legal. The doctrine is rooted in due process and applies when the government's own conduct induces a person to engage in what is later prosecuted as criminal behavior.

In *United States v. Batterjee*, 361 F.3d 1210, 1216 (9th Cir. 2004), the Ninth Circuit stated:

> "Entrapment by estoppel applies when an official tells a defendant that certain conduct is legal, and the defendant reasonably relies on that advice."

The doctrine was first articulated by the Supreme Court, where the Court reversed a conviction where the defendants were misled by a government commission into believing their refusal to testify was lawful.[1]

More specifically, the Ninth Circuit reversed a § 922(g)(1) conviction of a felon in possession of a firearm, where a federal official had affirmatively misadvised the defendant that his civil rights—including firearm rights—had been restored.[2] The court held:

> "A due process violation occurs when a government official actively misleads a defendant into believing his conduct is permissible, and the defendant relies on that misinformation in good faith."

In the present case, Defendant received affirmative, official assurances from the Las Vegas Metropolitan Police Department—an agency empowered[3] to issue concealed weapons permits—that he was legally permitted to carry a concealed firearm. LVMPD, in doing so, conducted a comprehensive background check in conjunction with the FBI, and the National Instant Criminal Background Check System. Such a process inherently involves both state and federal oversight and implicitly signals to the permittee that their status as a firearms owner and possessor is legally authorized.

---

[1] *Raley v. Ohio*, 360 U.S. 423 (1959)
[2] *United States v. Tallmadge*, 829 F.2d 767, 774 (9th Cir. 1987)
[3] Nevada Revised Statute; Chapter 202

Further, the Supreme Court reiterated that a person cannot be punished for conduct encouraged by government officials: [4]

> "The Due Process Clause does not permit the government to punish a person for conduct that he reasonably believed to be lawful based on the government's own assurances."

Similarly, in *United States v. Pennsylvania Indus. Chem. Corp.*, 411 U.S. 655 (1973), the Court emphasized that regulated parties must be able to rely on official guidance, and ambiguity in the law cannot be resolved against a party who followed that guidance. The Courts have further held that where a defendant's actions stem from a "reasonable misunderstanding based on official acts", criminal sanctions may be improper.[5][6]

In the case at bar, not only did the Defendant obtain a CCW permit from a law enforcement agency, but he also legally purchased the firearm in question from a federally licensed dealer, one who was presumably required to submit ATF Form 4473 and obtain NICS approval. Here, the local, state, and federal government had multiple opportunities to notify the Defendant of his prohibited status but did not. These repeated authorizations form a stronger basis for estoppel than even the single act of improper advice found sufficient in *Tallmadge. Id.*

To establish the defense of entrapment by estoppel in the Ninth Circuit, a defendant must show:

1. He was misled by a government official;
2. The official was acting within the scope of their authority;
3. The defendant relied on the official's representations in good faith;
4. The defendant's reliance was reasonable under the circumstances.

*See Batterjee*, 361 F.3d at 1216; *Tallmadge*, 829 F.2d at 774.

Here, Mr. Thurtle is Each of the four elements is met here:

1. LVMPD, as a state-authorized law enforcement entity and the largest law enforcement agency for the immediate jurisdiction, assured the Defendant by issuing him a CCW of his legal right to carry a firearm.

---

[4] *Cox v. Louisiana*, 379 U.S. 559, 571 (1965)
[5] *United States v. Duggan*, 743 F.2d 59, 83 (2d Cir. 1984)
[6] *United States v. Lansing*, 424 F.2d 225 (9th Cir. 1970)

    2. Federally licensed gun dealers conducted NICS background checks with no negative findings and no prohibition on the purchase of the firearm.

    3. These officials presumably were acting within the scope of their authority to sell firearms and to license concealed weapons permits;

    4. The Defendant relied in good faith on these approvals and took no steps to conceal his conduct. Here, it is not alleged that the Defendant did or did attempt to mislead either LVMPD or licensed gun dealers by providing false or misleading information; nor did he do the same. His application was based on his proper identity and was based upon his background as assessed by several agencies—all of which affirmed his right to possess and carry a firearm.

As such, the Government is estopped from now asserting criminal liability for conduct it tacitly and explicitly approved, and further prosecution of this matter would constitute an unquestionable violation of recognized principles of due process, justice, and fairness.

**C. The Statutory Language and Enforcement are Unconstitutionally Vague As Applied**

A conviction under 18 U.S.C. § 922(g)(1) requires that the defendant knowingly possessed a firearm and that he knew he belonged to the class of persons prohibited from doing so.[7] Here, Defendant had affirmative evidence (the CCW and the fact that he was legally sold the firearm by a federally licensed firearm dealer) indicating that he was not prohibited.

Post-*Rehaif*, the Government must prove that the Defendant knew of his prohibited status. Under the circumstances here, where Defendant was affirmatively told by local authorities, he was eligible to possess and carry firearms, and repeatedly passed NICS background checks, supporting a lack of the required *mens rea* for the commission of a punishable crime. This raises serious due process concerns that this Court should directly scrutinize. The Supreme Court has affirmed that when a law punishes a person for failing to act in a way that would otherwise seem lawful, "actual knowledge of the duty to act" or "probability of such knowledge" is required.[8]

---

[7] *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019)
[8] *Lambert v. California*, 355 U.S. 225 (1957)

The knowledge requirement imposed by *Rehaif* is dispositive. The Defendant in this case:

1. Lawfully applied for and received a Concealed Firearms Permit (CFP) from the Las Vegas Metropolitan Police Department (LVMPD);
2. Was subjected to background checks through NICS, conducted by the FBI and in connection with ATF records;
3. Purchased all firearms from federally licensed firearms dealers, who completed and submitted ATF Form 4473;
4. Was never denied or delayed during the firearm purchase process;
5. Had no actual notice or indication from any authority that he was prohibited from possessing firearms.
6. Was never charged in the corresponding State case as being a prohibited person, even through the time of the filing of this motion.

Even if Defendant's prior conviction technically triggered § 922(g)(1), criminal statutes must provide "fair notice" and cannot be so vague that "men of common intelligence must necessarily guess at [their] meaning."[9] [10] When state and federal authorities allow a person to legally purchase, possess, and carry firearms, a prosecution under § 922(g)(1) fails to give fair warning, making the law unconstitutionally vague as applied.[11]

As in *United States v. Johnson*, 986 F.3d 728 (7th Cir. 2021), knowledge of status was not established where the defendant had received multiple signals from authorities that he was not prohibited.[12] Ultimately, the burden of establishing whether a crime has in fact been committed falls on the Government. In the instant case, it is simply absurd to believe that this burden could be fairly met after Defendant had obtained a CCW license and had purchased the firearm in question through a federally regulated dealer.

**D. The Government's Own Mechanisms Failed to Flag Any Prohibition**

Pursuant to 18 U.S.C. § 922(t), a Federal Firearms Licensee may not transfer a firearm unless the NICS system determines that "receipt or possession of the firearm would not violate [18 U.S.C. § 922(g)]." The fact that Defendant purchased the firearm in question here from a federally

---

[9] *Connally v. General Construction Co.*, 269 U.S. 385, 391 (1926)
[10] *United States v. Lanier*, 520 U.S. 259, 265 (1997)
[11] *Lambert v. California*, 355 U.S. 225 (1957)
[12] *United States v. Nasir*, 17 F.4th 459, 469 (3d Cir. 2021)

regulated vendor indicated that the Defendant believed that its possession was legally permitted under federal law **at the time** [emphasis added].

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(3)(B)(v) allows for a pretrial motion to dismiss an indictment on the basis that it **fails to state an offense**. "[A] court may dismiss an indictment if it is legally insufficient or fails to state an offense."[13] Dismissal is proper where the indictment's allegations, even if true, do not constitute a criminal offense. Additionally, due process requires that a person have fair notice that their conduct is unlawful.[14]  As set forth herein, dismissal of these charges is appropriate, as this Defendant relied on the actions and representations of state and federal agents indicating that his conduct was proper.  At the very minimum, this Court should award an evidentiary hearing pertaining to the sale of any firearm to Defendant and to the granting of a privileged CCW permit to Defendant.

## CONCLUSION

For the aforementioned reasons, the undersigned on behalf of Mr. Thurtle, respectfully requests that this Honorable Court grant the relief sought herein. Because the Government cannot establish the knowledge element as required under *Rehaif*, and because Defendant was reasonably and affirmatively led to believe he was not prohibited, Count One of the Indictment fails as a matter of law and must be dismissed. The prosecution further offends due process and is barred under the doctrine of entrapment by estoppel.

DATED this 12TH day of May 2025.

**HITZKE & FERRAN LLP.**

/s/ Erick M. Ferran, Esq.
ERICK M. FERRAN, ESQ.
Nevada State Bar No. 9554
2110 East Flamingo Road, Suite 206
Las Vegas, Nevada 89119
*Attorneys for Defendant*

---

[13] *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002)
[14] *United States v. Lanier*, 520 U.S. 259, 265 (1997)

**CERTIFICATE OF SERVICE**

I hereby certify that I am an attorney of counsel with HITZKE & FERRAN LLP., and that on this 12TH day of May 2025, I did cause a true and correct copy of:

**MOTION TO DISMISS**

to be served via electronic service by the U.S. District Court CM/ECF system to the parties on the Electronic Filing system in this action, including:

Lauren Ibanez, Esq.
Assistant United States Attorney
United States Attorney's Office
501 South Las Vegas Boulevard
Las Vegas, Nevada 89101
Lauren.Ibanez@usdoj.gov

/s/ Erick M. Ferran, Esq.
*An employee of Hitzke & Ferran LLP.*