UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br>v.<br><br>TIMOTHY THURTLE<br><br>    Defendant | Case No.: 2:24-cr-00229-APG-NJK<br><br>**Order Denying Defendant Timothy Thurtle's Motion to Dismiss**<br><br>[ECF No. 34] |

The Government has charged defendant Timothy Thurtle with one criminal count for possessing a firearm as a previously convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Thurtle moves to dismiss the indictment under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) for failing to state an offense. Thurtle does not dispute that he possessed a gun, but he argues that prosecuting him under § 922(g)(1) violates due process because he reasonably relied on a concealed weapons permit he received from state authorities and he purchased a gun from a federally authorized dealer before he possessed the gun. Relatedly, he argues that the defense of entrapment by estoppel also bars prosecution because the permit and his ability to purchase a firearm constituted affirmative, official assurances from both state and federal officials that he was not prohibited from possessing a firearm. Finally, he argues that the statute is unconstitutionally vague as applied to him because prosecution under § 922(g)(1) and § 924(a)(8) requires the Government to prove the defendant knew he belonged to the class prohibited from possessing a firearm, and his ability to obtain a permit and purchase a firearm indicates that he did not know he belonged to the prohibited class.

The Government responds that Thurtle did not act in good faith or reasonable reliance on either the permit or the purchase from an authorized dealer because he falsely certified he had no

prior felony convictions on his permit application and gun purchase form. It also contends that the elements for an entrapment by estoppel defense are not met as there were no affirmative misrepresentations by government officials that he could legally possess firearms despite his two felony convictions. It further argues that § 922(g)(1) and § 924(a)(8) as applied to Thurtle are not vague because Thurtle's actions, including his prior guilty pleas and repeated misrepresentations about his felony conviction status on his permit application and gun purchase form, establish the requisite *mens rea*. The Government stresses that notwithstanding these points, because Thurtle's arguments hinge on fact questions involving evidence outside the indictment, he is not entitled to dismissal under Rule 12(b).

Thurtle replies that the Government has not identified evidence that he purposely lied on his concealed weapon permit application and gun purchase form about his previous felony convictions. He also argues that even if he inadvertently provided the wrong answers, the government agencies had the burden of investigating and confirming his eligibility with the other, accurate biographical information he provided. While he concedes that Rule 12(b) motions to dismiss generally cannot be used to resolve factual disputes, he argues that courts may dismiss indictments where facts are undisputed and dispositive. And he contends that it is undisputed the state and federal officials who granted his permit and allowed his gun purchase had apparent authority to issue government documents affirming his eligibility. Accordingly, he argues this makes his reasonable reliance on these official assurances also undisputed.

A defendant can move to dismiss an indictment under Rule 12(b)(3)(B)(v) for "failure to state an offense." "In ruling on a pre-trial motion to dismiss an indictment for failure to state an offense," the court is "bound by the four corners of the indictment." *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). "An indictment generally is sufficient if it sets forth the elements

of the charged offense so as to provide the defendant with fair notice of the charges against him and to ensure that the defendant is not placed in double jeopardy." *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 985 (9th Cir. 2020) (simplified). "While an indictment may be insufficient if it fails to allege an essential element of the offense, nevertheless an indictment should be read in its entirety, construed according to common sense and interpreted to include facts which are necessarily implied." *United States v. Drew*, 722 F.2d 551, 552 (9th Cir. 1983) (simplified). "An indictment is sufficient to withstand a motion to dismiss if it contains the elements of the charged offense in sufficient detail . . . to inform the court of the alleged facts so that it can determine the sufficiency of the charge." *United States v. Bernhardt*, 840 F.2d 1441, 1445 (9th Cir. 1988).

Arguments directed at the merits of the charges must be left for trial, as a Rule 12 motion to dismiss the indictment "cannot be used as a device for a summary trial of the evidence." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (quotation omitted). In other words, I do "not consider evidence not appearing on the face of the indictment . . . that should only [] be[] presented at trial." *Id.* (quotation omitted).

Thurtle's arguments for dismissal require considering evidence not in the indictment and resolving factual disputes. This includes, among other questions, (1) whether Thurtle erroneously or intentionally certified on his concealed weapons permit application and gun purchase form that he was not previously convicted of any felonies, (2) whether he reasonably relied on being granted a concealed weapons permit by state authorities or on the authorized dealer allowing him to purchase a gun, and (3) whether he knew he was prohibited from possessing a firearm. While he argues that it is undisputed that the government officials who granted him a concealed weapons permit and allowed him to purchase a gun had apparent authority to affirm his eligibility and his reliance on this authority was reasonable, whether he

actually received affirmative authorization and whether his reliance was reasonable are factual questions that require evidence outside the indictment. Because Rule 12 motions cannot be used to resolve these factual disputes, and Thurtle does not make any other arguments for dismissal that do not go to the merits of the charge, dismissal is inappropriate, I deny Thurtle's motion.

**CONCLUSION**

I THEREFORE ORDER that defendants Timothy Thurtle's motion to dismiss **(ECF No. 34) is DENIED.**

DATED this 16th day of July, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE