SIGAL CHATTAH
Acting United States Attorney
District of Nevada
Nevada Bar Number 8264
LAUREN M. IBANEZ
ROBERT KNIEF
Assistant United States Attorneys
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Lauren.ibanez@usdoj.gov
*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-cr-0229-APG-NJK |
| Plaintiff, | **PROPOSED JURY INSTRUCTIONS** |
| vs. | |
| TIMOTHY THURTLE, | |
| Defendant. | |

The parties, by and through the undersigned, respectfully jointly request that the Court include the following instructions in its charge to the jury, which include general stock instructions previously used in this District, several general and special instructions from Ninth Circuit Manual of Model Jury Instructions (2022 Ed.). The source of each such instruction is reflected on the instruction.

**PROPOSED INSTRUCTIONS**

1. Duties of Jury to Find Facts and Follow Law

2. Charge Against Defendant Not Evidence, Presumption of Innocence, Burden of Proof

3. Defendant's Decision Not to Testify (if applicable)

4. Defendant's Decision to Testify (if applicable)

5. Reasonable Doubt – Defined

6. What is Evidence

7. What is Not Evidence

8. Direct and Circumstantial Evidence

9. Credibility of Witnesses

10. Opinion Evidence, Expert Witness

11. Elements of the Offense – Prohibited Person in Possession of a Firearm

12. Knowingly Defined

13. Possession Defined

14. Activities Not Charged

15. Taking Notes

16. Jury Consideration of Punishment

17. Verdict Form

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

9TH CIR. CRIM. JURY INSTR. 3.1 (2022)

PROPOSED JURY INSTRUCTION NO. 1

3

## CHARGE AGAINST DEFENDANT NOT EVIDENCE—
## PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence.  The defendant has pleaded not guilty to the charge[s].  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

9TH CIR. CRIM. JURY INSTR. 6.2 (2022)

PROPOSED JURY INSTRUCTION NO. 2

## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

9TH CIR. CRIM. JURY INSTR. 6.3 (2022)

PROPOSED JURY INSTRUCTION NO. 3

## DEFENDANT'S DECISION TO TESTIFY

The defendant has testified. You should treat this testimony just as you would the testimony of any other witnesses.

9TH CIR. CRIM. JURY INSTR. 6.4 (2022)

PROPOSED JURY INSTRUCTION NO. 4

## REASONABLE DOUBT – DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

9TH CIR. CRIM. JURY INSTR. 6.5 (2022)

PROPOSED JURY INSTRUCTION NO. 5

# WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

9TH CIR. CRIM. JURY INSTR. 6.6 (2022)

PROPOSED JURY INSTRUCTION NO. 6

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

9TH CIR. CRIM. JURY INSTR. 6.7 (2022)

PROPOSED JURY INSTRUCTION NO. 7

9

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

9TH CIR. CRIM. JURY INSTR. 6.8 (2022)

PROPOSED JURY INSTRUCTION NO. 8

# CREDIBILITY OF WTINESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

9TH CIR. CRIM. JURY INSTR. 6.9 (2022)

PROPOSED JURY INSTRUCTION NO. 9

## OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from Wade VanSickle who testified to opinions and the reasons for his opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training or education, the reasons given for the opinion, and all the other evidence in the case.

9TH CIR. CRIM. JURY INSTR. 3.14 (2024)

PROPOSED JURY INSTRUCTION NO. 10

13

## FIREARM – UNLAFUL POSSESSION – CONVICTED FELON
### (18 U.S.C. § 922(g))

The defendant is charged in Count 1 of the indictment with the possession of a firearm in violation of Section 922(g)(1) of Title 18 of the United States Code.  For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, Thurtle knowingly possessed a Springfield Armory Hellcat pistol bearing serial number BY257031;

Second, the Springfield Armory Hellcat pistol had been shipped between a foreign nation and the United States or has been transported from one state to another;

Third, at the time Thurtle possessed the Springfield Armory Hellcat pistol, he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

Fourth, at the time Thurtle possessed the Springfield Armory Hellcat pistol, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

9TH CIR. CRIM. JURY INSTR 14.15 (2025)

PROPOSED JURY INSTRUCTION NO. 11

# KNOWINGLY – DEFINED

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

9TH CIR. CRIM. JURY INSTR. 4.8 (2022)

PROPOSED JURY INSTRUCTION NO. 12

15

**POSSESSION—DEFINED**

A person has possession of something if the person knows of its presence and has physical control of it or knows of its presence and has the power and intention to control it.

More than one person can be in possession of something if each knows of its present and has the power and intention to control it.

9TH CIR. CRIM. JURY INSTR 6.15 (2022)

PROPOSED JURY INSTRUCTION NO. 13

16

## ACTIVIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

9TH CIR. CRIM. JURY INSTR. 6.10 (2022)

PROPOSED JURY INSTRUCTION NO. 14

17

# JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

9TH CIR. CRIM. JURY INSTR 6.22 (2022)

PROPOSED JURY INSTRUCTION NO. 15

## TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

9TH CIR. CRIM. JURY INSTR 1.10 (2022)

PROPOSED JURY INSTRUCTION NO. 16

## VERDICT FORM

A verdict form has been prepared for you.   After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

9TH CIR. CRIM. JURY INSTR 6.23 (2022)

PROPOSED JURY INSTRUCTION NO. 17

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:24-cr-0229-APG-NJK |
| Plaintiff, | |
| vs. | UNITED STATES' VERDICT FORM |
| TIMOTHY THURTLE, | |
| Defendant. | |

We, the Jury in the above-captioned case, upon our oaths, do say:

**COUNT ONE**: We find the Defendant,

**TIMOTHY THURTLE**, _____ [Guilty / Not Guilty] of the offense of Possession of a Firearm by a Prohibited Person.

_____Yes        _____No

Dated this _____day of September, 2025.

_____
FOREPERSON

21

## ADDITIONAL INSTRUCTIONS

Due to potential issues that may arise during a trial, the parties respectfully request leave to include such other additional instructions as the parties deem appropriate during the course of the trial.

DATED: this 2nd September

                                          Respectfully submitted,

                                          SIGAL CHATTAH
                                          Acting United States Attorney

                                          */s/ Lauren M. Ibanez*
                                          _____
                                          LAUREN M. IBANEZ
                                          ROBERT KNIEF
                                          Assistant United States Attorneys

                                          */s/ Erick Ferran*
                                          _____
                                          ERICK FERRAN
                                          Counsel For Defendant