SIGAL CHATTAH
Acting United States Attorney
Nevada Bar Number 8264
LAUREN M. IBANEZ
ROBERT KNIEF
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6336
Lauren.Ibanez@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY THURTLE,<br><br>Defendant. | Case No. 2:24-cr-00229-APG-NJK<br><br>**Government's Motion in Limine to Exclude Questioning and Argument Regarding Whether Officers Determined Defendant's Felon Status After the Traffic Stop** |

Based on defense arguments to the Court during the Calendar Call on September 2, 2025, and defense witness list filed on September 2, 2025, the government believes the defense seeks to elicit testimony and present argument regarding law enforcement officers' difficulty determining Thurtle's felon status after the traffic stop was conducted.

**ARGUMENT**

Pursuant to Federal Rule of Evidence 401, evidence is relevant only if:

   (a) It has any tendency to make a fact more or less probable than it would be without the evidence; and

   (b) The fact is of consequence in determining the action.

Here, Thurtle is charged with Prohibited Person in Possession of a Firearm in violation of 18 U.S.C. 922(g)(1). The elements the government must prove are as follows:

1. Thurtle knowingly possess the Springfield Armory Hellcat pistol;
2. That pistol had been shipped from one state to another;
3. At the time Thurtle possessed the pistol, he knew he had been convicted of crime punishable by imprisonment for a term exceeding one year; and
4. At the time Thurtle possessed the pistol, he knew he was convicted of a crime punishable by imprisonment for a term exceeding one year.

Ninth Cir. Model Jury Instructions, 14.15 (2025 ed.). Nowhere in that framework is law enforcement's timing or difficulty confirming Thurtle's felon status is a fact "of consequence." Whether law enforcement immediately knew of Thurtle's felon status at the time of the traffic stop is not an element of the offense. Nor could evidence about police communications after the stop and seizure of the firearm have had an any effect on the defendant's claimed belief that his prior felonies had been reduced to misdemeanors. Thus, the process or delay by which law enforcement verified Thurtle's criminal history is not probative of any fact in dispute.

    Even assuming some minimal relevance, any probative value is substantially outweighed by the danger of confusion, misleading the jury, and wasting time. Fed. R. Evid. 403. Permitting Thurtle to delve into the procedural delay of confirming felon status risks turning the trial into a mini-hearing on law enforcement recording keeping, database access, etc.—all of which are irrelevant to the charged offense and will only serve to distract and confuse the jury.

**CONCLUSION**

Based on the foregoing, the government requests that Defendant be precluded from eliciting any testimony or presenting argument that law enforcement officers had difficulty determining Defendant's felon status after the traffic stop was conducted.

**DATED** this 3rd day of September, 2025

SIGAL CHATTAH
Acting United States Attorney

*/s/ Lauren M. Ibanez*

_____
LAUREN M. IBANEZ
ROBERT KNIEF
Assistant United States Attorney