SIGAL CHATTAH
Acting United States Attorney
Nevada Bar Number 8264
LAUREN M. IBANEZ
ROBERT KNIEF
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6336
Lauren.Ibanez@usdoj.gov
*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>TIMOTHY THURTLE,<br><br>    Defendant. | Case No. 2:24-cr-00229-APG-NJK<br><br>**Government's Motion in Limine to Exclude Evidence of a States of Nevada Concealed Carry Permit** |

This motion is brought to alert the Court and defense of evidentiary issues the government has identified in an effort to address the issues prior to trial so that objections at rial are reduced and the presentation of evidence goes smoothly when a jury is present.

It appears the defense may attempt to introduce evidence that the defendant was issued a State of Nevada Permit to Carry a Concealed Weapon.[1] Because the issuance of such a permit is irrelevant to the proof of any element of the offense, nor to any legitimate defense of the charge against the defendant, it is inadmissible.

---

[1] Although the government has not yet received an exhibit list listing the permit nor a witness list with the name of anyone capable of establishing a foundation of a such a permit, comment made by counsel lead to the conclusion that the defense may seek to have the permit admitted.

**ARGUMENT**

Pursuant to Federal Rule of Evidence 401, evidence is relevant only if:

    (a) It has any tendency to make a fact more or less probable than it would be without the evidence; and

    (b) The fact is of consequence in determining the action.

The Court has provided parties with preliminary jury instructions including an instruction laying out the elements of the offense. Specifically, the Court provided the following:

    First, Mr. Thurtle knowingly possessed a Springfield Armory Hellcat pistol bearing serial number BY257031;

    Second, the Springfield Armory Hellcat pistol had been shipped between a foreign nation and the United States or has been transported from one state to another;

    Third, at the time Mr. Thurtle possessed the Springfield Armory Hellcat pistol, he had been convicted of a crime punishable by imprisonment for a term exceeding one year; and

    Fourth, at the time Mr. Thurtle possessed the Springfield Armory Hellcat pistol, the defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

The issuance of a state permit is irrelevant to any of the elements. Initially, the government anticipated the defense would attempt to offer an entrapment by estoppel defense, however, no such instruction was proposed. That may be because the defense recognizes their inability to meet at least two elements of that defense. Specifically, that

First, an authorized federal government official or agent was empowered to render the claimed erroneous advice; and

Second, the federal government official or agent had been made aware of all the relevant historical facts.[2]

It has been found that the issuance of a state concealed carry permit, and even a state pardon, is irrelevant and inadmissible as to the federal charge the defendant is facing.[3] Because the defense is not offering an entrapment by estoppel defense, the irrelevance and inadmissibility of the permit is even more profound. There is no probative value to such evidence while there is the chance that it would be confusing to the jury if admitted.

## CONCLUSION

Based on the foregoing, the government requests that Defendant be precluded from eliciting any testimony or presenting argument the defendant was issued a concealed carry permit by the State of Nevada.

**DATED** this 4th day of September 2025.,

SIGAL CHATTAH
Acting United States Attorney

*/s/ Lauren M. Ibanez*
_____
LAUREN M. IBANEZ
ROBERT KNIEF
Assistant United States Attorney

---

[2] Ninth Circuit Pattern Criminal Jury Instruction 5.4.
[3] *United States v. Phyfier*, No. 2:17CR482-MHT, 2019 WL 3546721, at *4 (M.D. Ala. Aug. 5, 2019), aff'd, 842 F. App'x 333 (11th Cir. 2021) (Accordingly, it is ORDERED that the motion in limine to exclude evidence (doc. no. 498) is granted, to the extent that defendant Cyrus Phyfier is prohibited from introducing, as substantive evidence that he did not violate § 922(g)(1), evidence that he received a Montgomery County Sheriff's Office's concealed-carry permit or an Alabama pardon for prior convictions).