SIGAL CHATTAH
Acting United States Attorney
Nevada Bar Number 8264
LAUREN M. IBANEZ
ROBERT KNIEF
Assistant United States Attorneys
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6336
Lauren.Ibanez@usdoj.gov
*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY THURTLE, <br><br> Defendant. | Case No. 2:24-cr-00229-APG-NJK <br><br> **Government's Memorandum in Support of Plea Without the Benefit of a Plea Agreement** |

The Government has been advised by defendant, Timothy Thurtle, that he intends to change his plea of not guilty to guilty, without the benefit of a plea agreement. This memorandum is to aid the court in advising the defendant of the consequences of a guilty plea under Fed. R. Crim. P. 11(a)(2).

The defendant is charged by Indictment with one count of Prohibited Person in Possession of a Firearm in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

///

///

///

## I.     PENALTY

### A.   Statutory

The maximum penalty for a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) is up to 15 years of imprisonment, a fine of up to $250,000, or both, and three years of supervised release.

### B.   Advisory Sentencing Guidelines

The sentence imposed will be under 18 U.S.C. § 3553(a) and the United States Sentencing Guidelines. The length and terms of that sentence depend upon the nature of the current offense, including potential; upward departures and variances, and the extent of previous criminal convictions, which are used to determine the offense level and criminal history category under the Sentencing Guidelines. The Court determines the offense level and criminal history category and then must impose a reasonable and sufficient sentence, but not greater than necessary to comply with the purposes of 18 U.S.C. §3553(a).

A federal prison sentence can no longer be shortened by early release on parole, because parole has been abolished. However, under U.S.S.G. § 5D1.1, a term of Supervised Release following any period of imprisonment is required when the term of imprisonment is more than a year. Under 18 U.S.C. §§ 922(g)(1) and 924(a)(8), the crime as charged in the Indictment is a Class C felony and therefore, pursuant to U.S.S.G. § 5D1.2(a)(2), a term of Supervised Release of at least one (1) year but not more than three (3) years must be ordered.

Under the provisions of U.S.S.G. § 5E1.2, a fine must be imposed, depending upon the Court's finding of the appropriate Offense Level within a range to be determined by the Guidelines. However, U.S.S.G. § 5E1.2(e) allows the Court to waive the fine, impose a lesser fine or an alternative sanction, such as community service, if the defendant

establishes he does not have the ability to pay a fine and is not likely to become able to pay any fine.

A mandatory special assessment under 18 U.S.C. § 3013 and U.S.S.G. § 5E1.3 of $100.00 per count must be imposed for this offense.

## II. ELEMENTS OF THE OFFENSE

Before a verdict of guilty may be reached, the Government would have to prove the following essential elements of the offense:

Count One:   The elements of Felon in Possession of a Firearm are, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) are:

First:       The defendant knowingly possessed a firearm;

Second:      the firearm had been shipped from one state to another or between a foreign nation and the United States;

Third:       at the time the defendant possessed the firearm, the defendant had been previously convicted of a crime punishable by imprisonment for a term exceeding one year; and

Fourth:      at the time the defendant possessed the firearm, the defendant knew he had been previously convicted of a crime punishable by imprisonment for a term exceeding one year.

*See* Ninth Circuit Model Criminal Jury Instruction 14.15 (2022 ed., updated Mar 2025)

## III. FACTS TO SUPPORT GUILTY PLEA

On or about April 10, 2024, defendant Timothy Thurtle knowingly possessed a Springfield Armory Hellcat, 9mm pistol bearing serial number: BY257031. The aforementioned firearm was manufactured outside the state of Nevada and traveled in interstate commerce. At the time defendant possessed the firearm, he had previously been convicted of crimes punishable by imprisonment for a term exceeding one year, specifically: *Theft*, on or about March 22, 2004, in Clark County, Nevada under case number C178292;

and *Assault with a Deadly Weapon*, on or about June 5, 2007, in Clark County, Nevada under case number C230919. At the time the defendant possessed the aforementioned firearm, defendant knew he had been convicted of the above listed crimes and those crimes were punishable by imprisonment for a term exceeding one year.

All of the foregoing occurred in the State and Federal District of Nevada.

**DATED** this 4th day of September, 2025.

        SIGAL CHATTAH
        Acting United States Attorney

        */s/ Lauren M. Ibanez*

        LAUREN M. IBANEZ
        ROBERT KNIEF
        Assistant United States Attorneys