SIGAL CHATTAH
Acting United States Attorney
Nevada Bar Number 8264
ROBERT KNIEF
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
702.388.6336
Robert.Knief@usdoj.gov
*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>TIMOTHY THURTLE,<br><br>   Defendant. | Case No. 2:24-cr-00229-APG-NJK<br><br>**Government's Response to Defendant's Emergency Motion to Reopen Detention Proceedings (ECF No. 61)** |

## I.   INTRODUCTION

After pleading guilty to being a felon in possession of a firearm, defendant Timothy Thurtle now moves this Court to reopen detention proceedings pursuant to 18 U.S.C. § 3142(f). The defendant's motion should be denied for two reasons, (1) even before pleading guilty defendant was detained under 18 U.S.C. § 3148 and not 18 U.S.C. § 3142, and (2) since he has pleaded guilty, he is in custody pursuant to 18 U.S.C. § 3143. Therefore, relief under 3142(f) is unavailable to the defendant. Even if this Court were to consider defendant's substantive argument for release, he fails to show by clear and convincing evidence that he is not a danger to the community or a risk of non-appearance.

## II. BACKGROUND

On November 12, 2024, defendant was arraigned on and pleaded not guilty to a single count indictment charging him with being a prohibited person in possession of a firearm and released over the government's objection.[1]

On April 17, 2025, following the issuance of a Petition and a hearing on the matter, the defendant was ordered detained pending trial.[2]

On September 5, 2025, the defendant entered a plea of guilty to the single charge against him, sentencing was set for December 4, 2025, and the defendant was remanded to the custody of the U.S. Marshal's Service.[3]

## III. POINTS AND AUTHORITIES

**A. Defendant Has Never Been Detained Pursuant to 18 U.S.C. § 3142(f).**

Defendant's motion suffers from an initial fatal flaw. He argues that the detention hearing should be reopened because "new information exists" bearing on the issue of detention.[4] The entirety of the motion is based upon the assertion that the "detention hearing" should be reopened under the authority and standards set forth in 18 U.S.C. § 3142(f)(2).[5] However, defendant ignores the fact that his detention prior to pleading guilty did not stem from an initial detention hearing and was rather the result of a revocation for violation of the terms of his pretrial release. In an initial detention hearing, the magistrate judge considers whether terms of release are sufficient to reasonably assure the defendant will not be a danger to the community or any other person, and that they will appear at

---

[1] ECF No. 5.
[2] ECF No. 35.
[3] ECF No. 59
[4] ECF No. 61.
[5] *See generally, id.*

2

future dates. *See* 18 U.S.C. § 3142 (e); *United States v. Perez-Garcia*, 96 F.4th 1166, 1174-75 (9th Cir. 2024).

In contrast, a defendant who has been released on conditions and subsequently violates those conditions, is subject to revocation under a different statute: 18 U.S.C. § 3148. That statute adds a third consideration – whether the defendant is unlikely to abide by the conditions of release. See 18 U.S.C. § 3148(b)(2)(B). The standards for release or detention are drastically different at an initial detention hearing under 18 U.S.C. § 3142 and a revocation for violation of release conditions under 18 U.S.C. § 3148. *United States v. Bararia*, 2013 WL 1907782 at *3 (D. Nev. Mar. 12, 2013); *see United States v. Gill*, 2008 WL 2120069 at *1-2 (E.D. Cal. May 20, 2008). "Although the court applies Sec. 3142(e) and (f) in a ruling on a motion for detention at the outset of a case, an entirely different set of standards governs whether the court detains a defendant charged with violating conditions" *United States v. Soria*, 2011 WL 3651272 at *5 (D. Nev. Aug. 17, 2011) *quoting* John L. Weinberg, Federal Bail and Detention Handbook § 11.03 (2011).

These differences are not trivial. At an initial detention hearing under § 3142, the government must demonstrate that a defendant poses a danger to the community and must do so by clear and convincing evidence. 18 U.S.C. § 3142(f)(2). In contrast, in a revocation hearing under § 3148, the burden is on the defendant. *See Gill*, 2008 WL 2120069 at *1-2. This burden rests on the defendant regardless of the charges, unlike the presumption which applies only to certain charges in an initial detention hearing. *Compare* 18 U.S.C. § 3142 (e)(2-3) (setting forth specific categories of crimes for which a rebuttable presumption in favor of detention applies) *with* 18 U.S.C. § 3148 (applying a rebuttable presumption if any felony has been committed on release, and stating that a defendant *shall* be detained if there

is clear and convincing evidence that the person violated a release condition other than a new offense, and is unlikely to abide by conditions of release).

Although many courts have simply applied 18 U.S.C. § 3142's standards to detention orders under § 3148, doing so effectively renders § 3148 "meaningless." *United States v. Jacques*, 2024 WL 3898600 at *2-3 (D. Kan. Aug. 22, 2024). This is particularly true in instances where the revocation is based on "an inability to comply with conditions of release—language that is unique to § 3148." *Id.* citing *Bararia*, 2013 WL 1907782 at *3. Conflating detention under § 3142 and § 3148 "would create an untenable situation in which the Court could revoke a defendant's pretrial release pursuant to § 3148 for their failure to abide by conditions of release and the defendant could turn around and seek to reopen the issue of detention, claiming that a failure to abide by conditions of release is not a basis for pretrial detention" under § 3142. *Jacques*, 2024 WL 3898600 at *3. More fundamentally, as one court in this District put it, "[a]s a practical matter, the Court cannot reopen the section 3142 detention hearing because [defendant]'s detention is not based in 3142 but, rather, section 3148. Simply put, there is no detention to reopen under section 3142 because there was never a detention order entered under section 3142." *Bararia*, 2013 WL 1907782 at *3.

In his motion, defendant does not acknowledge the different standards or bases for detention under §§ 3142 and 3148, much less present any cogent argument as to why the Court should "reopen" a detention hearing that never occurred. This Court should not ignore the important differences between these two statutes by reopening the hearing under § 3142(f)(2). *Jacques*, 2024 WL 3896900 at *3; *Bararia*, 2013 WL 1907782 at *3; *Gill*, 2008 WL 2120069 at *1-2.

**B. Defendant is Currently Detained Post-Conviction Pursuant to 18 U.S.C. § 3143.**

Defendant's motion suffers from a second fatal flaw. Since he has pleaded guilty, his current detention is pursuant to 18 U.S.C. § 3143. Under that statute "the judicial officer *shall* order that a person who has been found guilty of an offense and who is awaiting imposition or execution of a sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community…" 18 U.S.C. 3143(a)(2) (emphasis added). The defendant filed the instant motion a little over two weeks after his change of plea hearing. Despite having been in custody for several months he did not make any arguments at his change of plea hearing to provide this Court with clear and convincing evidence that he should be released because he is not a danger to the community or a risk of flight. Indeed, the defendant notes in his motion that he has been suffering from medical conditions for a long time and yet these medical conditions did not prevent him from violating the terms of his *pretrial* release already.

///
///
///
///
///
///
///
///

## IV.  CONCLUSION

The defendant asks this Court to reopen detention proceedings pursuant to completely inapplicable statutes and never addresses the standard that applies to his current detention status.  For the reasons discussed above, the defendant's motion should be denied.

For the reasons stated above, defendant's motion should be denied.

**DATED** this 29th day of September 2025.

SIGAL CHATTAH
Acting United States Attorney


*/s/ Robert Knief*
ROBERT KNIEF
Assistant United States Attorney
