ERICK M. FERRAN, ESQ.
Nevada State Bar No. 9554
HITZKE & FERRAN LLP.
2110 East Flamingo Road, Suite 206
Las Vegas, Nevada 89119
*Telephone No.:* (*702) 476-9668*
*Facsimile No.: (702) 462-2646*
*erick.ferran@hitzkelaw.com*
*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| UNITED STATES OF AMERICA,  | CASE NO.: 2:24-cr-00229-APG-NJK |
|---|---|
| Plaintiff, | **REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S EMERGENCY MOTION TO REOPEN DETENTION PROCEEDINGS** |
| vs. | |
| TIMOTHY NEAL THURTLE, | |
| Defendant. | |

COMES NOW the Defendant, TIMOTHY NEAL THURTLE, by and through Erick M. Ferran, Esq., from the law office of Hitzke & Ferran LLP., and files this instant Reply to the Government's Response to Defendant's Emergency Motion to Reopen Detention Proceedings.

This Reply is made and based upon all the papers and pleadings on file herein, the attached Declaration of Counsel, the Memorandum of Points and Authorities, and any additional oral argument taken at the time set hearing this Motion.

DATED this 6TH day of October 2025.

**HITZKE & FERRAN LLP.**

/s/ Erick M. Ferran, Esq.
2110 East Flamingo Road, Suite 206
Las Vegas, Nevada 89119
*Telephone No.:* (*702) 476-9668*
*Facsimile No.: (702) 462-2646*
*erick.ferran@hitzkelaw.com*
*Attorneys for Defendant*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Defendant Timothy Thurtle (hereinafter "Thurtle") respectfully submits this Reply to the Government's Response to Defendant's Emergency Motion to Reopen Detention Proceedings. In their Response, the Government argues that Thurtle's interpretation of § 3142(f) is inapplicable because the defendant was detained under § 3148 following revocation and is now in custody under § 3143(a) following a guilty plea. Respectfully, this view misapprehends both the statutory structure and Ninth Circuit precedent.

The Ninth Circuit has recognized that detention decisions may be revisited when new, material information arises that bears on appearance or community safety.[1] The plain text of statute authorizes reopening "at any time before trial" when such information exists, and courts within this Circuit have applied the same standard in evaluating requests to modify or reconsider detention imposed after revocation.[2][3]

Even post-plea, § 3143(a) preserves judicial discretion to grant release where the defendant demonstrates by clear and convincing evidence that he does not pose a danger or risk of flight.[4] Accordingly, reopening remains proper under § 3142(f)(2)(B), and the new evidence presented here materially alters the prior detention analysis.

**II. LEGAL STANDARD**

Statute provides in pertinent part:[5]

> "The hearing may be reopened… at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on whether there are conditions of release that will reasonably assure the appearance of the person and the safety of any other person and the community."

---

[1] *United States v. Hir*, 517 F.3d 1081, 1091 (9th Cir. 2008); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).
[2] § 3142(f)(2)(B)
[3] *United States v. Soria*, 2011 WL 3651272, at 5 (D. Nev. Aug. 17, 2011); *United States v. Bararia*, 2013 WL 1907782, at 3 (D. Nev. Mar. 12, 2013)
[4] *United States v. Chen*, 257 F. Supp. 2d 656, 659 (S.D.N.Y. 2003)
[5] 18 U.S.C. § 3142(f)(2)(B)

The Ninth Circuit has emphasized that detention determinations under the Bail Reform Act must be individualized and based on current information.[6] When new information arises that could alter that assessment, § 3142(f)(2)(B) provides the procedural vehicle to reopen.[7]

### III. ARGUMENT

#### A. The Court Retains Authority to Reopen the Revocation Hearing Under § 3142(f)(2)(B)

The Government's position—that detention under § 3148 cannot be reopened under § 3142—is contrary to Ninth Circuit principles of statutory harmony. The Bail Reform Act "should be read as a whole," and its sections construed "to give effect to each provision."[8] Nothing in § 3148 precludes application of § 3142(f)'s reopening clause, particularly when the defendant presents new information bearing directly on the core § 3142 factors of appearance and safety.

Courts in this District have recognized this overlap. This very District has observed that detention under § 3148 and reconsideration under § 3142(f) involve "overlapping considerations" and that courts may consider "changed circumstances or new information that bears materially on release."[9] Likewise, *Bararia* held that while § 3148 governs revocation, the standard for reopening is guided by the materiality test articulated in § 3142(f).[10]

Here, Defendant presents precisely such new and material information—including Core Civic's refusal to accept the delivery of life altering medication—that was not known or available to the Court during the revocation proceedings. As previously mentioned in Thurtle's Motion, Core Civic only *recently* started refusing to accept Thurtle's medication—a medication described by his physician as important to maintaining his "quality of life". This information directly addresses the prior concerns that led to detention and materially alters the balance of risk.

---

[6] *Hir*, 517 F.3d at 1090–91 (courts must evaluate the "conditions that will reasonably assure" appearance and safety in light of present facts).
[7] *United States v. Cisneros*, 328 F.3d 610, 614 (9th Cir. 2003) (recognizing that the detention inquiry is fact-dependent and may be revisited as circumstances change)
[8] *Gebro*, 948 F.2d at 1121
[9] 2011 WL 3651272, at *5
[10] 2013 WL 1907782, at *3

**B. Ninth Circuit Authority Supports Reconsideration Based on Changed Circumstances**

The Ninth Circuit has consistently held that a court's detention determination must be revisited when new, significant, or changed circumstances arise. The court has emphasized that pretrial detention is a "carefully limited exception" and must always rest on current and reliable information regarding the defendant's appearance and potential danger to the community.[11] Similarly, the Ninth Circuit reaffirmed that courts must consider "all information presently available" when determining appropriate conditions of release.[12]

Further, the court has underscored that ongoing judicial review of detention determinations is essential to ensure compliance with the Bail Reform Act's requirement of individualized assessments.[13] Collectively, when evaluating these precedents, it is clear that when new information materially affects the analysis of risk or compliance, reopening the detention hearing is not merely permissible—it is necessary to ensure that continued detention remains justified under the present circumstances.

**C. Post-Plea Detention Under § 3143(a) Does Not Foreclose Relief**

The Government further asserts that Defendant's guilty plea automatically subjects him to mandatory detention under § 3143(a)(2). That is simply incorrect. Section 3143(a)(1) expressly authorizes release pending sentencing upon a finding, by clear and convincing evidence, that the person "is not likely to flee or pose a danger."[14] [15]

Here, Defendant has demonstrated a significant and emergent change in circumstances that substantially mitigate prior concerns. These new facts warrant reconsideration and justify release under the strictest level of supervision pending sentencing.

---

[11] *United States v. Motamedi*, 767 F.2d 1403, 1405–06 (9th Cir. 1985)
[12] *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991)
[13] *United States v. Hir*, 517 F.3d 1081, 1091 (9th Cir. 2008)
[14] *United States v. Garcia*, 340 F.3d 1013, 1014 (9th Cir. 2003) (recognizing judicial discretion under § 3143(a)(1))
[15] *United States v. Mett*, 41 F.3d 1281, 1282 (9th Cir. 1994) (same)

## CONCLUSION

For the reasons stated above, Defendant respectfully requests that this Court (1) reopen the detention/revocation hearing pursuant to 18 U.S.C. § 3142(f)(2)(B); (2) consider the newly presented, material information affecting Defendant's risk assessment; and (3) grant release pending sentencing under 18 U.S.C. § 3143(a)(1) subject to additional conditions ensuring appearance and community safety.

DATED this 6ᵀᴴ day of October 2025.

**HITZKE & FERRAN LLP.**

/s/ Erick M. Ferran, Esq.
2110 East Flamingo Road, Suite 206
Las Vegas, Nevada 89119
*Telephone No.: (702) 476-9668*
*Facsimile No.: (702) 462-2646*
*erick.ferran@hitzkelaw.com*
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that I am an attorney of counsel with HITZKE & FERRAN LLP., and that on this 6TH day of October 2025, I did cause a true and correct copy of:

**REPLY TO THE GOVERNMENT'S RESPONSE TO DEFENDANT'S EMERGENCY MOTION TO REOPEN DETENTION PROCEEDINGS**

to be served via electronic service by the U.S. District Court CM/ECF system to the parties on the Electronic Filing system in this action, including:

Lauren Ibanez, Esq.
Assistant United States Attorney
United States Attorney's Office
501 South Las Vegas Boulevard
Las Vegas, Nevada 89101
Lauren.Ibanez@usdoj.gov

Robert Knief, Esq.
Assistant United States Attorney
United States Attorney's Office
501 South Las Vegas Boulevard
Las Vegas, Nevada 89101
Robert.Knief@usdoj.gov

/s/ Erick M. Ferran, Esq.
*An employee of Hitzke & Ferran LLP.*