ERICK M. FERRAN, ESQ.
Nevada State Bar No. 9554
HITZKE & FERRAN LLP.
2110 East Flamingo Road, Suite 206
Las Vegas, Nevada 89119
*Telephone No.: (702) 476-9668*
*Facsimile No.: (702) 462-2646*
*erick.ferran@hitzkelaw.com*
*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CASE NO.: 2:24-cr-00229-APG-NJK** |
| Plaintiff, | **SENTENCING MEMORANDUM PURSUANT TO 18 U.S.C. § 3553(a)** |
| vs. | |
| TIMOTHY NEAL THURTLE, | |
| Defendant. | |

COMES NOW the Defendant, TIMOTHY NEAL THURTLE, by and through Erick M. Ferran, Esq., from the law office of Hitzke & Ferran LLP., and files this instant Sentencing Memorandum, Pursuant to 18 U.S.C. § 3553(a). Sentencing in this matter is currently scheduled for December 4, 2025, at 10:30 a.m.

This Memorandum is made and based upon all the papers and pleadings on file herein, the Memorandum of Points and Authorities, and any additional oral argument taken at the time set for sentencing.

DATED this 29TH day of November 2025.

**HITZKE & FERRAN LLP.**

/s/ Erick M. Ferran, Esq.
2110 East Flamingo Road, Suite 206
Las Vegas, Nevada 89119
*Telephone No.: (702) 476-9668*
*Facsimile No.: (702) 462-2646*
*erick.ferran@hitzkelaw.com*
*Attorneys for Defendant*

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  Procedural History

On or about October 8, 2024, a Grand Jury was convened and returned a True Bill of Indictment against Defendant Timothy Thurtle (hereinafter "Thurtle"), charging him with one count of Possession of a Firearm by a Prohibited Person.[1] [ECF No. 1]. The Indictment alleges that, on or about April 10, 2024, while within the Federal District of Nevada, Thurtle knowingly possessed a firearm—specifically, a Springfield Armory Hellcat 9mm pistol, serial number BY257031—after having been previously convicted of offenses punishable by imprisonment for a term exceeding one year, to wit: Theft, on or about March 22, 2004, in Clark County, Nevada, Case No. C178292, and Assault with a Deadly Weapon, on or about June 5, 2007, in Clark County, Nevada, Case No. C230919. The Indictment further alleges that said firearm had been shipped and transported in interstate commerce, and that Thurtle's possession thereof was in and affecting interstate commerce, in violation of federal law.

The Indictment arises from Thurtle's arrest by the Las Vegas Metropolitan Police Department (hereinafter "LVMPD"). In the related state matter, Thurtle was charged with one count of Assault with a Deadly Weapon and one count of Attempted Burglary of a Motor Vehicle, both contrary to the statutes of the State of Nevada and against the peace and dignity of the State. The charges stemmed from an alleged road rage incident occurring on or about April 10, 2024, during which Thurtle purportedly brandished a firearm. Review of body-worn camera footage, produced by both the State of Nevada and the United States Government, revealed that the alleged victim provided both a written and recorded statement. In that statement, the victim expressed uncertainty as to whether Thurtle actually possessed a firearm. As a result, the State case was ultimately resolved with Thurtle entering a no contest plea to one count of misdemeanor assault, without the deadly weapon enhancement.  In other words, no firearm was used in connection with the offense.

---

[1] 18 U.S.C. §§ 922(g)(1) and 924(a)(8)

Ultimately, Thurtle was arrested on or about November 8, 2024, and arraigned on November 12, 2024, before the Honorable Magistrate Judge Couvillier. [ECF No. 5]. Following argument by counsel for the United States and the undersigned, and upon consideration of the recommendation from United States Pretrial Services, Thurtle was released on an Appearance Bond subject to the following special conditions: (1) Supervision by, and regular reporting to, the U.S. Pretrial Services Office; (2) Continued active efforts to obtain and maintain employment; (3) Prohibition on possession of any firearm, destructive device, or other weapon; and (4) No direct or indirect contact with known or suspected members of any outlaw motorcycle gang. [ECF No. 6].

On November 25, 2024, the undersigned, on behalf of Thurtle, filed an Unopposed Motion to Modify Conditions of Pretrial Release. The Motion sought permission for Thurtle to continue operating his business, TCB Productions, LLC., which employs several individuals who may be identified by the Government as members or associates of the Pagans Motorcycle Club, among others. [ECF No. 13]. This Court granted the unopposed Motion, entering an Order Modifying Conditions of Pretrial Release on November 26, 2024. [ECF No. 14].

The Indictment charges Thurtle with possession of a firearm by a prohibited person, based on an alleged prior state felony conviction. However, prior to the events giving rise to this charge, Thurtle lawfully applied for and was issued a Concealed Carry Weapons Permit (hereinafter "CCW") by the LVMPD—a process involving a comprehensive background investigation conducted in coordination with the Federal Bureau of Investigation (hereinafter "FBI") and the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF").

Additionally, all firearms at issue were lawfully purchased from federally licensed firearms dealers (hereinafter "FFL"), each of whom conducted background checks through the National Instant Criminal Background Check System (hereinafter "NICS"). Thurtle duly completed and submitted ATF Form 4473 for each firearm purchase. At no time did any federal, state, or local authority inform him that he was prohibited from purchasing or possessing firearms.

On September 5, 2025, Thurtle appeared before this Honorable Court and entered a plea of guilty to all counts charged in the Indictment.

## II. LEGAL STANDARD

The imposition of a federal criminal sentence is governed by the Sentencing Reform Act of 1984 and the United States Sentencing Guidelines (hereinafter "USSG"), which together provide the framework for promoting consistency and fairness while preserving judicial discretion. Under this framework, sentencing courts must evaluate the factors codified[2] and impose a sentence that is "*sufficient, but not greater than necessary*" to accomplish the purposes of sentencing — a concept known as the parsimony principle.

When applied to federal sentencing, the parsimony principle is a core concept derived from statute[3], which instructs judges to impose a sentence that is "sufficient, but not greater than necessary" to achieve the purposes of punishment. This means that a sentence should accomplish the goals of reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, deterring criminal conduct, protecting the public, and offering the defendant educational or rehabilitative opportunities—without being harsher than required.

The principle embodies the idea of judicial restraint and proportionality, ensuring that punishment fits both the crime and the individual offender. When applying this principle, judges weigh the statutory sentencing factors, including the nature of the offense, the defendant's history and characteristics, the need for deterrence and public protection, the types of sentences available, and the advisory range under the U.S. Sentencing Guidelines. Although the Guidelines provide a benchmark, the parsimony principle allows judges to vary from them if a lesser sentence would still meet the statutory goals.

### A. Statutory Factors Under 18 U.S.C. § 3553(a)

Section 3553(a) requires the Court to weigh several interrelated considerations in determining an appropriate sentence. The statute directs that the Court must examine the nature

---

[2] 18 U.S.C. § 3553(a)
[3] *Id.*

and circumstances of the offense together with the history and characteristics of the defendant. It further mandates that the sentence imposed be sufficient, but not greater than necessary, to fulfill the primary objectives of federal sentencing: to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and furnish the defendant with necessary educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In applying these goals, the Court must also consider the types of sentences available, the advisory guideline range under the United States Sentencing Guidelines, any pertinent policy statements issued by the Sentencing Commission, the need to avoid unwarranted disparities among similarly situated defendants, and the need to provide restitution where appropriate. Collectively, these factors embody Congress's overarching directive that punishment should be individualized, proportional, and grounded in the principle of parsimony—ensuring that the sentence imposed is sufficient to achieve justice, yet not excessive in light of the defendant's personal circumstances and the broader purposes of sentencing.

### B. Advisory Nature of the Sentencing Guidelines

While the United States Sentencing Guidelines provide the initial framework for determining a defendant's recommended sentencing range, they are advisory, not mandatory.[4] Sentencing courts must begin by correctly calculating the applicable guideline range but may then vary from that range when the statutory factors and the individual circumstances of the case so warrant.[5] The Supreme Court reaffirmed that district courts may disagree with particular guideline policies and impose sentences that better serve the goals of § 3553(a).[6]

Accordingly, this Court retains broad discretion to fashion a sentence that reflects both the seriousness of the offense and the defendant's potential for rehabilitation.

---

[4] *United States v. Booker*, 543 U.S. 220 (2005)
[5] *Gall v. United States*, 552 U.S. 38 (2007)
[6] *Kimbrough v. United States*, 552 U.S. 85 (2007)

### C. Medical and Rehabilitative Considerations as Sentencing Factors

The statutory text of § 3553(a)(2)(D) explicitly directs sentencing courts to consider the defendant's need for "medical care" and "other correctional treatment in the most effective manner." Courts across jurisdictions have consistently recognized that serious medical conditions, disabilities, or rehabilitative prospects may justify a downward variance or a non-custodial sentence when imprisonment would unduly jeopardize the defendant's health or hinder necessary treatment.[7][8] The law further recognizes that sentences should promote rehabilitation and community reintegration, not merely punishment. When a defendant demonstrates compliance, community ties, employment stability, and a commitment to lawful conduct — as Thurtle has — these factors strongly support a term of supervised release with appropriate medical conditions rather than further incarceration.

### D. Judicial Discretion and the Principle of Parsimony

The Supreme Court has emphasized that sentencing is an individualized and equitable process, requiring courts to exercise judgment informed by both law and humanity.[9] In doing so, district courts may give substantial weight to post-offense rehabilitation, medical needs, or extraordinary personal circumstances.

Thus, under both statute and precedent, this Court possesses ample discretion to impose a non-custodial sentence that satisfies the purposes of sentencing while preserving the Defendant's health and promoting rehabilitation. A term of supervised release with strict conditions of compliance will adequately serve the goals of deterrence, respect for the law, and community safety — all while ensuring that necessary medical treatment is delivered in the most effective and humane manner.

---

[7] *United States v. Martin*, 363 F.3d 25 (1st Cir. 2004) (affirming variance based on defendant's severe medical condition)

[8] *United States v. Carmona-Rodriguez*, 2005 WL 840464 (S.D.N.Y. Apr. 11, 2005) (granting leniency where incarceration would frustrate access to medical care)

[9] *Pepper v. United States*, 562 U.S. 476 (2011)

The Ninth Circuit likewise recognizes that district courts possess "substantial latitude to vary from the Guidelines based on policy disagreements or individual circumstances."[10] Sentencing is not a mechanical process but a holistic assessment of the "nature and circumstances of the offense and the history and characteristics of the defendant."[11]

### III. ARGUMENT

#### A.  A Non-Custodial Sentence Best Serves the Goals of § 3553(a)

The statutory directive that a sentence be "sufficient, but not greater than necessary" reflects Congress's intent that punishment be individualized and proportionate. This parsimony principle requires the Court to impose the least restrictive sentence that fulfills the purposes of statute.[12] [13] . The Supreme Court has made clear that sentencing is not a mechanical exercise but an "individualized assessment based on the facts presented."[14]

Here, a non-custodial sentence—such as supervised release with appropriate conditions—fully satisfies the statutory goals. The instant offense, while serious, involved no violence, no discharge of a firearm, and no injury to any person. The underlying conduct was resolved in state court as a misdemeanor assault, confirming its limited severity. The firearm at issue was lawfully purchased following successful completion of multiple NICS background checks, and Thurtle possessed a valid Nevada Concealed Carry Weapons Permit at the time. These facts distinguish him from offenders acting with criminal intent.[15]

While it is true that in March 2025, while on pretrial supervision, Thurtle was arrested in California on separate state charges, he posted a substantial monetary bond, has retained counsel, and is actively contesting those allegations despite his custodial status. Pending charges do not erase the compliance and stability he demonstrated prior to that arrest, nor do they negate his

---

[10] *United States v. Carty*, 520 F.3d 984, 991–92 (9th Cir. 2008) (en banc)
[11] 18 U.S.C. § 3553(a)(1)
[12] *Id.*
[13] *Kimbrough v. United States*, 552 U.S. 85, 101 (2007)
[14] *Gall v. United States*, 552 U.S. 38, 50 (2007)
[15] *United States v. Edwards*, 595 F.3d 1004, 1012 (9th Cir. 2010) (holding that personal history and intent may warrant a downward variance)

ongoing respect for the judicial process. His continued cooperation and engagement in his legal defense reflect accountability and maturity.[16]

Mr. Thurtle entered a timely plea in the present case, accepted responsibility, and expressed sincere remorse. Prior to his California arrest, he was fully compliant with all supervision conditions, maintained lawful employment, and continued to operate his business, TCB Productions, LLC., providing legitimate income and employment for others. This record demonstrates substantial rehabilitation and an ongoing commitment to lawful conduct.[17] [18]

Under these circumstances, incarceration would serve no meaningful purpose beyond what has already been achieved through supervision and accountability. The Ninth Circuit has repeatedly recognized that alternatives to imprisonment may better promote the goals of sentencing, particularly where the defendant poses little ongoing threat to public safety.[19] A carefully structured term of supervised release with conditions of compliance, medical care, and employment verification is "sufficient, but not greater than necessary" to achieve the purposes of federal sentencing law.

**B. Mr. Thurtle's Serious Medical Conditions Warrant a Downward Variance**

The Court is expressly directed under § 3553(a)(2)(D) to consider a defendant's need for "medical care … in the most effective manner." Thurtle suffers from multiple chronic medical conditions requiring ongoing treatment and prescription medication. While detained, Thurtle has incurred repeated issues pertaining to medical staff administering his prescribed medications, resulting in substantial health deterioration and placing him at continued medical risk.

Such circumstances not only frustrate the rehabilitative purpose of sentencing but also implicate constitutional concerns. The Supreme Court has long held that deliberate indifference to serious medical needs of prisoners constitutes cruel and unusual punishment in violation of the

---

[16] *Cf. United States v. Autery*, 555 U.S. 864, 876 (9th Cir. 2009) (upholding probationary sentence where defendant posed minimal danger and demonstrated rehabilitation).

[17] *Pepper v. United States*, 562 U.S. 476, 491 (2011) (recognizing that post-offense rehabilitation is highly relevant under § 3553(a) and can justify a downward variance)

[18] *United States v. Whitehead*, 532 F.3d 991, 993 (9th Cir. 2008) (affirming probationary sentence where defendant demonstrated strong rehabilitation and community ties)

[19] *United States v. Carty*, 520 F.3d 984, 991–93 (9th Cir. 2008) (en banc)

Eighth Amendment.[20] [21] The Ninth Circuit has applied these principles in the sentencing context, holding that a defendant's medical condition may warrant a downward variance or non-custodial sentence where confinement would impede access to necessary care.[22]

Incarceration under these circumstances would result in avoidable suffering inconsistent with both the Eighth Amendment and § 3553(a)'s rehabilitative purpose. A term of supervised release conditioned on medical compliance would allow Thurtle to receive consistent treatment under the supervision of the U.S. Probation Office.[23] Such a sentence would better serve both justice and humanity.

The Ninth Circuit has similarly recognized that incarceration may be inappropriate when "a defendant's medical needs cannot be adequately addressed in custody."[24] The Eighth Amendment prohibits deliberate indifference to serious medical needs.[25] [26] Sentencing courts must therefore consider whether imprisonment would pose an undue risk to a defendant's health, consistent with § 3553(a)(2)(D). In this case, Thurtle has incurred a series of issues with respect to his ability to receive adequate medical care, including delivery of his medication, and further, has experienced a series of medical setbacks.

### C.  Community-Based Supervision Promotes Rehabilitation and Protects the Public

Structured community supervision, combined with targeted conditions, can effectively achieve the twin goals of public protection and rehabilitation. The Ninth Circuit has emphasized that district courts may fashion alternative sentences where continued employment, stable housing, and medical oversight ensure compliance and public safety.[27]

---

[20] *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)
[21] *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (recognizing a duty to provide adequate medical care in custody)
[22] *United States v. Garza-Juarez*, 992 F.2d 896, 912 (9th Cir. 1993) (affirming downward departure for medical reasons)
[23] *United States v. Martin*, 363 F.3d 25, 49 (1st Cir. 2004) (approving downward variance based on defendant's severe medical condition and need for specialized care)
[24] *United States v. Trujillo*, 713 F.3d 1003, 1010 (9th Cir. 2013) (approving a downward variance due to health and rehabilitation factors)
[25] *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)
[26] *Colwell v. Bannister*, 763 F.3d 1060, 1066–67 (9th Cir. 2014)
[27] *United States v. Ruff*, 535 F.3d 999, 1004 (9th Cir. 2008)

Empirical studies consistently confirm that non-violent offenders supervised in the community reoffend less frequently than those subjected to short custodial terms. Thurtle's history demonstrates the factors that predict success under supervision: stable employment, strong family ties, and a consistent willingness to comply with court orders. He has proven capable of sustained, law-abiding conduct when allowed to live in the community. The Ninth Circuit has recognized that "rehabilitation is a legitimate and primary goal of sentencing," and that probationary sentences may serve that goal better than imprisonment in appropriate cases.[28]

Statute provides that the Court retains broad authority when imposing tailored conditions—such as home confinement, travel restrictions, regular reporting, and mandatory medical treatment—to ensure compliance and protect the public.[29] These mechanisms balance supervision with compassion, maintaining accountability while addressing Thurtle's medical and rehabilitative needs.

The Ninth Circuit recognizes rehabilitation as a "legitimate and primary goal of sentencing."[30] Community-based supervision may better serve public safety by preserving employment, medical treatment, and social stability—key predictors of reduced recidivism. The court upheld a probationary sentence emphasizing that "a defendant's employment, family support, and community ties may justify variance."[31] These same factors are present here: Defendant Thurtle maintains stable employment, supports others through his business, and has demonstrated ongoing compliance and accountability.

**D. Non-Violent Conduct and Minimal Public Risk**

The circumstances of this case underscore that Thurtle's conduct was non-violent, isolated, and devoid of any intent to harm. No firearm was discharged, no injuries occurred, and the related state charges were resolved as a misdemeanor assault—reflecting the limited nature of the incident and indicating that the Clark County District Attorney's office could not prove beyond a

---

[28] *United States v. Edwards*, 595 F.3d at 1014
[29] 18 U.S.C. § 3563(b)
[30] *United States v. Edwards*, 595 F.3d 1004, 1016 (9th Cir. 2010)
[31] *United States v. Ruff*, 535 F.3d 999, 1005–06 (9th Cir. 2008)

reasonable doubt based upon the evidence that a firearm was used during the offense. Under these facts, a custodial sentence would not meaningfully advance deterrence or public safety. The Supreme Court has recognized that defendants who engage in non-violent, situational offenses and who demonstrate genuine rehabilitation may be effectively sanctioned through community-based supervision rather than incarceration.[32]

Likewise, the Ninth Circuit has repeatedly upheld noncustodial or probationary sentences for similarly situated offenders, emphasizing that sentencing must balance proportionality with the individual's rehabilitative progress.[33] [34] Here, Thurtle's consistent employment, strong community ties, and demonstrated compliance under supervision confirm that he poses minimal risk to the public and that continued community supervision, rather than imprisonment, would more effectively serve the objectives of statute.[35] Thurtle has gathered numerous letters of support, all of which demonstrate a strong support system that is prepared to assist him upon release. *See* **Exhibit A.**

### E.  The Principle of Parsimony Supports a Sentence of Supervised Release

Finally, the principle of parsimony compels the Court to impose no greater deprivation of liberty than necessary to accomplish the statutory purposes of sentencing.[36] In this case, incarceration would not meaningfully further deterrence or protect the public, given Thurtle's health, age, and demonstrated ability to comply with court supervision. The Supreme Court has consistently reaffirmed that sentencing courts have broad discretion to impose below-Guidelines sentences when warranted by the defendant's individual characteristics and circumstances.[37] [38]

The Ninth Circuit likewise recognizes that district courts may impose probation or supervised release when imprisonment would be "greater than necessary" to achieve justice.[39] The

---

[32] *Gall*, 552 U.S. 38, 59
[33] *Autery*, 555 F.3d 864, 874–75 (9th Cir. 2009)
[34] *Id.*
[35] *Id.*
[36] *Gall*, 552 U.S. at 59
[37] *Booker*, 543 U.S. 220, 245–46 (2005)
[38] *Kimbrough*, 552 U.S. at 109
[39] *Id.*

Court in *Trujillo* affirmed a downward variance where the defendant's health and rehabilitation made incarceration counterproductive, emphasizing that § 3553(a) allows for humane sentencing tailored to individual needs.

Given Thurtle's medical vulnerabilities, post-offense rehabilitation, and continued engagement with the judicial process, a custodial term would be unnecessarily punitive and inconsistent with the goals of § 3553(a). A term of supervised release with medical and rehabilitative conditions would be proportionate, lawful, and consistent with both Ninth Circuit and Supreme Court precedent governing individualized sentencing. The Ninth Circuit affirmed a downward variance from a custodial guideline range to probation, holding that § 3553(a) supports leniency where rehabilitation and low recidivism risk outweigh punitive aims.[40] The decision underscores the principle that punishment should fit both the crime and the offender.

## **CONCLUSION**

In light of the totality of the circumstances, the statutory directive provided by statute and the principles articulated in *Booker* and *Gall*, a custodial sentence here would be greater than necessary to achieve the goals of sentencing. Thurtle's offense conduct was non-violent and isolated, his acceptance of responsibility genuine, and his post-offense conduct demonstrative of rehabilitation and continued respect for the law.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

_____

[40] *Id.*

His ongoing medical needs further counsel against incarceration, as confinement would unduly jeopardize his health and impede access to treatment—contrary to both statutory and constitutional considerations. Consistent with the parsimony principle and the discretion vested in this Court by the Supreme Court and the Ninth Circuit, a sentence of supervised release with appropriate medical and compliance conditions will adequately promote deterrence, respect for the law, public safety, and rehabilitation. Such a sentence is sufficient, but not greater than necessary, to achieve the purposes of federal sentencing.

DATED this 29TH day of November 2025.

**HITZKE & FERRAN LLP.**

/s/ Erick M. Ferran, Esq.
2110 East Flamingo Road, Suite 206
Las Vegas, Nevada 89119
*Telephone No.: (702) 476-9668*
*Facsimile No.: (702) 462-2646*
*erick.ferran@hitzkelaw.com*
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I am an attorney of counsel with HITZKE & FERRAN LLP., and that on this 29TH day of November 2025, I did cause a true and correct copy of:

**SENTENCING MEMORANDUM PURSUANT TO 18 U.S.C. § 3553(a)**

to be served via electronic service by the U.S. District Court CM/ECF system to the parties on the Electronic Filing system in this action, including:

Lauren Ibanez, Esq.
Assistant United States Attorney
United States Attorney's Office
501 South Las Vegas Boulevard
Las Vegas, Nevada 89101
Lauren.Ibanez@usdoj.gov

Robert Knief, Esq.
Assistant United States Attorney
United States Attorney's Office
501 South Las Vegas Boulevard
Las Vegas, Nevada 89101
Robert.Knief@usdoj.gov

<u>/s/ Erick M. Ferran, Esq.</u>
*An employee of Hitzke & Ferran LLP.*

# EXHIBIT A

November 25, 2025

The Honorable Andrew P. Gordon
Chief Judge, District of Nevada
333 South Las Vegas Boulevard
Las Vegas, Nevada 89101

RE: Timothy Neal Thurtle

To Whom It May Concern:

We are writing this letter in strong support of our friend, Tim Thurtle, whom we have known for several years. During this time, we have found Tim to be a highly respected, responsible, and trustworthy individual within our community. His character is defined by kindness, dependability, and a genuine commitment to helping others.

We first met Tim and his wife when they owned a local business in Las Vegas. As newcomers to the area who did not yet know many people, Tim and his wife made us feel immediately comfortable and welcomed. Their establishment provided a safe and positive environment for youth in the community, including those who needed a constructive place to gather. We entrusted our young son in their care and always felt confident that Tim would treat him with respect, protect him, and ensure his well-being.

Tim has consistently demonstrated a strong willingness to help others in meaningful ways. When we purchased a new home, he devoted his personal time to assist with remodeling and even helped us make connections for work outside of his expertise — efforts that extended far beyond what anyone would expect. His generosity, loyalty, and selfless actions reflect his outstanding character.

Over the years, Tim and his family have become like family to us. We value him greatly and can confidently say he is a man of integrity who contributes positively to the people around him. We stand behind Tim fully and without reservation, and we remain available to provide any further information needed.

Please feel free to contact us at any time.

Respectfully,

Edward and Gloria Avila
6213 Amory Street
North Las Vegas, Nevada 89081
(702) 428-5371

November 25, 2025

The Honorable Andrew P. Gordon
Chief Judge, District of Nevada
333 South Las Vegas Boulevard
Las Vegas, Nevada 89101

RE: Timothy Neal Thurtle

Dear Judge Gordon,

My name is Robert White, and I am writing to offer my full support on behalf of Mr. Tim Thurtle, a man who has played a life-changing role in both my recovery and my reintegration into society. I have known Tim for many years, dating back to when he owned his skateboarding shop, and I could never have imagined just how greatly he would one day impact the direction of my life.

I am an addict in recovery. During the most challenging and darkest periods of my life, Tim was consistently a steady and dependable source of support. When I struggled, he offered guidance, encouragement, and belief in me—at times when I lacked belief in myself. His mentorship helped me stay committed to the right path.

After my release from prison in 2022, when I was newly sober and unsure of my future, Tim extended an opportunity that changed everything: he helped me begin a career in the trades. That opportunity became the foundation of the stability and success I am proud of today. He went far beyond what anyone could reasonably expect.

During a period when my wife and I were still rebuilding our lives and our own families were not yet prepared to support us, Tim welcomed us into his home. He treated us with dignity and compassion during a time when we had very little. He even appeared in court as a character witness for my CPS case involving my son—offering invaluable support when the stakes were at their highest. His presence made a profound difference.

Today, I am a proud member of Teamsters Local 631, working in a union apprenticeship program that I would not have been selected for without Tim's belief in my potential and his willingness to take a chance on me when no one else would. Because of him, I have not only rebuilt my life—I have transformed the very person I am. Your Honor, I ask the Court to consider Tim's long history of uplifting others, his significant role in rebuilding lives like mine, and the undeniable good he brings to his community.

While none of us are without mistakes, I can say with absolute certainty that Tim Thurtle is one of the most caring, selfless, and genuine human beings I have ever known, and countless individuals—including myself—are better people because he chose to help rather than turn away. Thank you for your time, consideration, and for reviewing my perspective.

Please know that my support is offered wholeheartedly and without reservation.

Respectfully,

Robert White

November 25, 2025

The Honorable Andrew P. Gordon
Chief Judge, District of Nevada
333 South Las Vegas Boulevard
Las Vegas, Nevada 89101

RE: Timothy Neal Thurtle

To Whom It May Concern:

My name is Elizabeth Grever, and I am writing to respectfully offer my support on behalf of Mr. Tim Thurtle, a man I have had the privilege of knowing for more than twenty-five years. It is difficult to fully quantify the positive impact he has had on my life and in the lives of countless others, but I hope to provide the Court with a sincere and accurate understanding of the individual he is.

I first met Tim shortly after relocating to Las Vegas. At that time, I was a single mother with limited resources and no support system. When Tim learned of my situation, he offered me steady work in his business—an act he was under no obligation to take, yet he chose to do out of kindness and genuine concern. His support ensured that my child and I did not become homeless. I will never forget that life-changing generosity, which is one of many reasons I consider Tim to be part of my family.

Over the years, I have known Tim personally and professionally in various industries. No matter the environment, he has always demonstrated honesty, strong ethics, and a rare work ethic. Through the businesses he built, he contributed greatly to the community and provided opportunities to others—often quietly, without any expectation of recognition or benefit to himself.

Tim has been a source of guidance, stability, and unwavering support in my life. His compassion is steady and sincere, and I have seen him extend that same kindness to so many others. His character is not defined by grand gestures but by consistent everyday decency and respect for those around him. He has always stepped up when someone is in need.

In recent years, Tim's severe lung disease has significantly impacted his health and ability to work. Despite the serious medical challenges he faces, he remains the same gentle, compassionate, and principled person he has always been. His physical limitations have humbled him, but they have never changed his core character.

Your Honor, I respectfully ask that you consider Tim's longstanding history of service to his community, the positive influence he has had on so many lives, and the difficult medical circumstances he now endures. He is an older man in fragile health who has spent a lifetime giving to others—and continues to do so whenever he is able.

Thank you for taking the time to review my statement and for considering my perspective. I am truly blessed to have known Tim for more than two decades, and I remain confident in his goodness and integrity.

Respectfully,

Elizabeth Grever

November 26, 2025

The Honorable Andrew P. Gordon
Chief Judge, District of Nevada
333 South Las Vegas Boulevard
Las Vegas, Nevada 89101

RE: Timothy Neal Thurtle

To Whom It May Concern:

I am writing to provide a character statement for Timothy Thurtle. I have known Tim for the better part of a year, and during this time, I have had the opportunity to observe his character and behavior.

Tim reminds me of my grandfather—he is a hardworking, fatherly figure who is passionate about his work and patient enough to share his experiences with others. In my opinion, one of the most challenging tasks is teaching, as it requires a great deal of patience—something not everyone possesses. Tim, however, has this patience in abundance.

I recall one particular day when I was working on a project in the shop and inadvertently wasted a few sheets of plywood. At that moment, I felt defeated, especially since we didn't have enough material to finish the project. Tim noticed my frustration, approached me, and with a pat on the back, said, "We're going to make a carpenter out of you yet." His words, simple as they were, encouraged me to push through my frustration and reminded me of the importance of learning from mistakes. That day, he inspired me to become a better carpenter and to absorb as much knowledge as I could.

In conclusion, I firmly believe that Timothy is a person of strong moral character, someone who can be trusted and relied upon by many. I offer this statement in support of a legal matter and am happy to provide further details if needed.

Please feel free to contact me at the email address below should you require any additional information.

Sincerely,

Gary Fielding
fieldinggary@yahoo.com

November 26, 2025

The Honorable Andrew P. Gordon
Chief Judge, District of Nevada
333 South Las Vegas Boulevard
Las Vegas, Nevada 89101

RE: Timothy Neal Thurtle

To Whom It May Concern:

I appreciate the opportunity to provide this letter of support on behalf of Mr. Timothy Thurtle, whom I have known for several years. I first met Mr. Thurtle at a professional convention, and over time, I have come to know him not only as a highly knowledgeable and respected individual in his field, but also as someone of genuine warmth and integrity. From the beginning of our acquaintance, it was clear that Mr. Thurtle is a person who consistently conducts himself with kindness and sincerity. He has always demonstrated a wholehearted willingness to assist others—often going to great lengths to support those he cares about, and even, at times, individuals he barely knows. His generosity is not selective or performative; it reflects the core of who he is.

Through my interactions with him over the years, I have witnessed a man who takes pride in being dependable, hardworking, and ethical. He is someone who values personal accountability and strives to maintain strong, positive relationships within his community. His character and compassion are deeply felt by the people around him, many of whom, like me, hold him in high esteem.

I understand that the Court must consider all aspects of the situation before it, including details that may not reflect favorably on Mr. Thurtle. However, I ask that you also take into account the man he has shown himself to be outside of this legal matter: a man of admirable character, loyal friendship, and sincere goodwill. I hope that my perspective helps to illuminate qualities that may otherwise be overlooked during this difficult time.

It is not my intent to minimize any wrongdoing or the seriousness of the circumstances. Rather, I want to affirm that despite the current challenges he faces, Mr. Thurtle has positively impacted many lives and continues to have strong potential to remain a constructive and contributing member of society. I believe that with the support of those who care for him, he will continue to grow, learn, and move forward with integrity.

Thank you for your time and consideration in reviewing this letter.

Thank you,

Dennis Miller
Trade Show Carpenter

November 26, 2025

The Honorable Andrew P. Gordon
Chief Judge, District of Nevada
333 South Las Vegas Boulevard
Las Vegas, Nevada 89101

RE: Timothy Neal Thurtle

To Whom It May Concern:

I write this letter in support of Mr. Timothy Thurtle, whom I have had the honor of knowing for nearly five years. During this time, I have come to know Tim not only as my current employer, but as a trusted friend and a remarkable individual whose generosity and character have had a profound impact on my life and the lives of many others.

As a single mother, I have faced several challenges throughout the years. Tim has stepped forward to help me in ways that went well beyond what anyone could have expected. He first provided me with employment opportunities when I desperately needed them, and he has continued to support my efforts to build a stable life for myself and my family. I owe much of my current stability to the chances he provided and the faith he placed in me.

Tim is a genuine, goodhearted man who constantly looks for ways to assist those around him. He is the kind of person who notices when someone is struggling and doesn't hesitate to offer a helping hand—whether or not he has anything to gain from doing so. His compassion is sincere, and his willingness to serve others has earned him deep respect throughout the community.

It is common knowledge among those who work with him or have crossed paths with him professionally that Tim is highly regarded in his industry. He can walk into any convention hall in Las Vegas and be greeted warmly by dozens, if not hundreds, of colleagues, clients, and friends. His professionalism, mentorship, and kindness have built a strong network of individuals who trust and admire him.

Beyond his personal reputation, his absence has had a significant impact on his business and on the many families who rely on that business for their livelihood. Tim is a dedicated provider—not only for his own family—but also for the employees who look to him for stability, leadership, and support. This legal matter has placed considerable stress on both his loved ones and those whose financial well-being depends on the continued operation of his company.

I fully understand the seriousness of the situation before the Court. My intention is not to diminish the importance of accountability, but rather to provide a more complete picture of who Mr. Thurtle is as a person. He is a man who has consistently shown integrity, generosity, and a deep commitment to others throughout the years that I have known him.

I respectfully ask that you take the totality of his character into consideration when making your decision. In my sincere belief, Tim deserves the opportunity to return home to continue supporting his family, his employees, and his community. He has given so much of himself to so many people, and I trust that he will continue to do so in the future if granted the chance.

Thank you for your time, consideration, and understanding.

Sincerely,

Amanda K Bond
Lead Supervisor IND
702-934-2380
amanda@tcbproduction.com

November 26, 2025

The Honorable Andrew P. Gordon
Chief Judge, District of Nevada
333 South Las Vegas Boulevard
Las Vegas, Nevada 89101

RE: Timothy Neal Thurtle

To Whom It May Concern:

I am writing this letter on behalf of Mr. Timothy Thurtle, whom I have known for a significant number of years. During this time, I have had the privilege of witnessing his admirable character, his compassion toward others, and his unwavering commitment to treating people with dignity and respect.

Tim is the type of individual who consistently places the needs of others before his own. It does not matter whether someone is a long-standing friend, a new acquaintance, or an employee—he genuinely sees and treats people as family. His willingness to help others is not driven by recognition or reward, but by a sincere belief in supporting those around him.

Professionally, Tim is widely respected within his industry. His insight, leadership, and extensive experience are recognized and sought out by numerous companies. Organizations seek to collaborate with him because they know he approaches every project with professionalism, passion, and integrity. What sets Tim apart even further is the dedication he pours into the personal and professional development of those who work with him. He does not simply operate a business—he builds a community.

As both a mentor and leader, Tim has positively influenced countless individuals, providing opportunities for growth, stability, and success. Many people, including employees, partners, and colleagues, rely on him—not just for employment, but for guidance and support. His contributions extend far beyond the workplace, touching families and strengthening the broader community in meaningful ways.

I understand that the Court must carefully consider all aspects of the matter at hand. My intention is not to overlook the seriousness of the situation, but to share a more complete understanding of the man Tim truly is. He is someone who lifts others up, who gives generously, and who continuously strives to make a positive impact on the lives around him.

It is my sincere hope that the Court will take into account his long-standing dedication to helping others and his value as a friend, employer, and community member. Many people depend on Tim's presence, leadership, and continued ability to support his family and staff. I believe wholeheartedly that he deserves the opportunity to continue contributing in the positive and impactful way he always has.

Thank you for taking the time to read this letter and consider my perspective. I am available to provide any further information the Court may require.

Thank you for your time.

Sincerely,

Gary Cooper
TCB Productions
Lead Project Manager/Coordinator
P: (714) 725-1852
E:gary@tcbproduction.com

November 26, 2025

The Honorable Andrew P. Gordon
Chief Judge, District of Nevada
333 South Las Vegas Boulevard
Las Vegas, Nevada 89101

RE: Timothy Neal Thurtle

Dear Judge Gordon,

I am writing this letter in support of Mr. Timothy Thurtle, whom I have come to know through my employment with TCB Productions since January 2025. In that time, I have had frequent interactions with Mr. Thurtle and his partners, and I have been consistently impressed by his professionalism, leadership, and unwavering dedication to the success and growth of the company.

From my first day working alongside Mr. Thurtle, it became evident that he possesses a unique ability to motivate and inspire those around him. He cares deeply about the people he works with, and he takes significant pride in providing opportunities for personal and professional development. Whether he is overseeing complex production work or coaching someone through a new skill, his patience and passion for mentorship shine through. He has a remarkable way of instilling confidence in others and helping them realize their potential.

Beyond his professional commitments, I have also learned of the meaningful role he plays within his family and community. Mr. Thurtle is a devoted father who regularly participates in skateboarding exhibitions with his son, Jason—an activity that clearly strengthens their bond and offers a positive outlet for young people in their community. He is also known for his enthusiasm for motorcycles and his love of animals, which further reflects his caring and engaged nature.

Throughout my employment, I have seen firsthand that Mr. Thurtle leads with compassion, generosity, and integrity. He is someone who wants others to succeed and who continuously gives his time, energy, and support to help make that happen. His absence has been felt by many, both within the company and by those who depend on his presence and guidance. I respectfully ask the Court to consider the many positive contributions Mr. Thurtle has made—not only as a business owner and mentor, but as a father and a valued member of his community. I firmly believe that allowing him the opportunity to return home and continue supporting the people who rely on him will be of great benefit to many.

Thank you for your time and thoughtful consideration. I am grateful for the chance to share my perspective, and I remain available should the Court require any additional information.

Best regards,

Timothy D. Maytas

November 26, 2025

The Honorable Andrew P. Gordon
Chief Judge, District of Nevada
333 South Las Vegas Boulevard
Las Vegas, Nevada 89101

RE: Timothy Neal Thurtle

To Whom It May Concern:

My name is Steven Goldberg, and I am writing to provide a character reference for Mr. Timothy Thurtle. I have known Tim personally and professionally for nearly fifteen years, and I am honored to offer my perspective on the type of man he is.

I have worked in the live music industry for many years as a promoter, and I can confidently say that I would not be where I am today without the support and guidance Tim has given me. From the beginning of our friendship, he has been generous with his time, expertise, and encouragement—always ensuring that I had the knowledge and resources needed to run safe, successful events. He has never hesitated to step in when help was needed, and he has always done so without expecting recognition or anything in return.

Tim has had an incredibly positive influence on the music scene in our community. At any live event he attends, he is a calming and protective presence. Young people at these shows feel safe when he is there because they know he will look out for them and make sure no one is bullied or placed in danger. This alone speaks volumes about his character—he cares deeply, especially for those who may be vulnerable.

Venue owners and staff consistently express their appreciation for Tim as well. He is known for being dependable, respectful, and trustworthy. When Tim is on site, there is a shared sense of confidence that the event will run smoothly. His professionalism has earned him strong respect across the industry.

What stands out most to me is how Tim treats others on a personal level. He checks on me regularly — ensuring I am doing well and offering help if I am going through a difficult time. He has helped build stages, assisted with event setup, and supported those who were injured or overwhelmed. His willingness to help others extends far beyond his job—it is who he is as a person.

Over the years, I have met many individuals in this industry, and only a very small number have earned my full trust. Tim is one of those people. He is someone I would rely on without hesitation, and I believe his absence is felt not only by myself but by countless others who depend on his leadership, presence, and kindness.

I understand that the Court must weigh serious matters, but I respectfully ask you to also consider the many positive contributions Tim has made to his community and the role he plays as a mentor, guardian, and supporter of others. He has always gone above and beyond to help those around him, and I truly believe he has much more good left to offer.

Thank you for taking the time to consider my letter and the perspective I have shared. I will gladly speak further on Tim's behalf if the Court has any questions.

Sincerely,

Steven Goldberg

November 26, 2025

The Honorable Andrew P. Gordon
Chief Judge, District of Nevada
333 South Las Vegas Boulevard
Las Vegas, Nevada 89101

RE: Timothy Neal Thurtle

To The Honorable Court:

I am writing this letter in support of Mr. Timothy Thurtle and his sentencing considerations. I have had the privilege of knowing Tim for more than fifteen years. We were first introduced through mutual friends and have stayed closely connected through our shared involvement in the Las Vegas music scene. Over that time, I have observed his character, values, and unwavering dedication to both his family and community.

Throughout the many years I have known him, Tim has proven himself to be one of the hardest-working individuals I have ever met. He has always been deeply devoted to his wife, his son, and the rest of his family. I have witnessed firsthand how he consistently supports those around him, including myself and others in our community. He is the type of person who would truly give you the shirt off his back when someone is in need.

Tim has also played a significant role in the music scene here in Las Vegas, not only by promoting shows and providing lighting and sound support, but by helping maintain safe, welcoming environments for fans and musicians alike. I have personally watched him step in to ensure that young attendees felt safe, respected, and protected — creating spaces where everyone could enjoy live music without fear of bullying or misconduct.

His relationships extend far beyond friendships. Venues trust him because he has earned that trust through reliability, professionalism, and genuine concern for others. Tim has always held himself to a high standard and has never been one to engage in or encourage harmful behavior. In the many years I have spent around him, I have never witnessed him abuse alcohol or any substance. He is someone people can depend on — including me.

I am especially proud of the hard work Tim has put into starting and growing his own business. He has invested years of effort into making this dream a reality, and even more importantly, he has created employment opportunities for others while doing so. Several of my own friends have been able to support themselves and their families because Tim offered them work when they needed it most.

Tim has always shown kindness, loyalty, and integrity. I respectfully ask that the Court take these qualities into consideration when determining his sentence. He is a valued member of our community, a devoted family man, and someone who continuously strives to lift others up. Many people rely on him, and I truly believe he has so much good to give.

Thank you for your time, understanding, and careful consideration of my perspective.

Respectfully submitted,

Leann Denman

November 26, 2025

The Honorable Andrew P. Gordon
Chief Judge, District of Nevada
333 South Las Vegas Boulevard
Las Vegas, Nevada 89101

RE: Timothy Neal Thurtle

To The Honorable Court:

I am writing this letter to provide my strongest support for Mr. Tim Thurtle as the Court considers his sentencing. I have known Tim for many years through our extensive collaboration in the Las Vegas entertainment and event industry. Over this time, I have observed his professionalism, his loyalty to colleagues and clients, and his sincere dedication to helping others succeed in their careers and personal growth.

Tim has exceptional skills and unwavering work ethic. His knowledge of the industry is highly regarded, and I have personally worked with him on numerous projects. He has consistently demonstrated reliability, expertise, and integrity — qualities that have earned him respect from venues, clients, and partners throughout the region.

Beyond the professional strengths he brings to every project, Tim is a person of admirable personal character. He is committed to the success and well-being of his employees and coworkers. He mentors others, provides opportunities for advancement, and ensures those around him feel supported. He has built a company that not only meets the needs of clients but also strengthens the lives of those who rely on him for employment and guidance.

I firmly believe in Tim's potential to continue contributing positively to his community. His work is important — not only for his own future, but for the future of the many families who depend on his leadership and the continuity of his business. Removing him from this role would have a significant and negative impact far beyond himself.

Moreover, Tim has demonstrated the capacity for growth, accountability, and self-improvement. I sincerely ask the Court to grant him the opportunity to continue rebuilding and moving forward in a productive and meaningful way. His absence is felt immediately by both his business and those who benefit from his generosity and commitment to their livelihoods.

I respectfully request that the Court consider Tim's long-standing efforts, his genuine character, and the broad support he has within this community. I am confident that he will continue to honor that trust and make a positive difference in the lives of those around him.

Thank you for your time and thoughtful consideration. Please feel free to contact me directly if any additional information or clarification is needed.

Respectfully submitted,

Rhett Marek
Owner
Las Vegas Entertainment Productions (LVEP)

November 26, 2025

The Honorable Andrew P. Gordon
Chief Judge, District of Nevada
333 South Las Vegas Boulevard
Las Vegas, Nevada 89101

RE: Timothy Neal Thurtle

To The Honorable Court:

I respectfully submit this letter in support of Mr. Timothy Thurtle as the Court considers his sentencing. My name is Jay Martinez, and I am the CEO and Owner of Tojeezo LTD, a creative production and marketing company based in Las Vegas, Nevada. I have had the privilege of working closely with Mr. Thurtle on numerous projects within the exhibit and immersive event production industry.

Throughout our professional relationship, Tim has proven himself to be a highly skilled individual with a strong reputation for innovation, craftsmanship, and precision. His work consistently reflects exceptional attention to detail and an unwavering commitment to delivering high-quality results—qualities that are essential in our field and that set him apart as a reliable and highly capable creative professional.

More importantly, Tim is a man of integrity and strong character. He leads by example, treats colleagues with respect, and contributes positively to any team he works with. His presence has always motivated others to elevate their own performance. He has a remarkable ability to inspire collaboration and to help others grow within their careers.

Recently, Tim and I entered into a business partnership to launch a new printing venture, a project built upon both of our shared experience and dedication to innovation. His current absence, however, has had a substantial impact on the success and operational advancement of this new company. Critical initiatives have stalled, workflow has been disrupted, and the venture cannot progress as intended without his leadership, creativity, and involvement.

I share this not to excuse any wrongdoing, but to highlight just how important Tim is to the many people who rely on him, both professionally and personally. His contributions go well beyond revenue or business development—they directly affect the livelihoods of others and the success of teams who depend on his guidance and expertise.

Based on my direct experience and firsthand observations, I can confidently say that Mr. Thurtle is an individual who benefits his community when he is given the opportunity to do so. He has earned the trust and respect of his peers through years of hard work, dedication, and ethical conduct in a demanding and competitive industry. His positive influence should remain a factor in determining his future.

I respectfully ask the Court to consider his longstanding record of professional excellence, his strong moral character, and the tangible impact his absence has already had on the people who depend on him. With the opportunity to return to his work, I am confident that Tim will continue to contribute meaningfully and strive to make things right.

Thank you for your time and thoughtful consideration. I would be pleased to provide any additional information the Court may require.

Respectfully submitted,

Jay Martinez
CEO
Tojeezo LTD

November 26, 2025

The Honorable Andrew P. Gordon
Chief Judge, District of Nevada
333 South Las Vegas Boulevard
Las Vegas, Nevada 89101

RE: Timothy Neal Thurtle

To The Honorable Court:

I respectfully submit this letter as a character reference on behalf of Mr. Timothy Thurtle as the Court considers his sentencing. My name is E.R.A. McCarthey, and I serve as the Chief Operating Officer of Zetta Development Group, a technology, marketing, and software development company headquartered in Las Vegas, Nevada.

I have had the privilege of working directly with Mr. Thurtle on numerous professional projects over the course of our collaboration. His production company specializes in the creation of exhibits and branded environments that showcase remarkable craftsmanship and innovation. In every project we have worked on together, he has delivered work that is not only dependable and structurally sound, but exceptionally creative — consistently exceeding expectations in both technical and artistic standards.

Through our partnership, I have come to know Tim as a man of strong personal integrity. He is reliable, devoted to his profession, and carries himself with an undeniable level of responsibility and accountability. When he gives his word, he honors it. When he undertakes a project, he commits to seeing it through to completion with excellence and efficiency.

Tim is also a leader who positively impacts the people around him. His enthusiasm for his craft encourages others to take pride in their work. He recognizes and nurtures the potential within his colleagues, helping them develop new skills and confidence. He leads with patience, encouragement, and genuine care for the growth of his team — qualities that are increasingly rare in any industry.

He remains vital not only to his own company, but to the success of collaborative ventures like ours. His absence has already been felt professionally, as his guidance and expertise are deeply valued. The work he does directly supports the livelihoods of other talented individuals, and his leadership helps ensure their continued professional development.

In my direct experience, Tim has consistently demonstrated that he is an honorable, hardworking, and compassionate person. I believe he has much more good left to contribute — to his family, to his business, and to the broader professional community that depends on his involvement.

I sincerely hope the Court will take this testimony into consideration and allow Mr. Thurtle the opportunity to return to these roles where he continues to make a meaningful, positive impact. Thank you for your time and thoughtful review of this letter. I remain available to offer any additional information the Court may find helpful.

Respectfully submitted,

E.R.A. McCarthey
Chief Operating Officer
Zetta Development Group